# UNITED STATES FEDERAL COURT AUSTIN DIVISION

**FILED**

## UNITED STATES
## EQUITY DIVISION
## EVIDENTIARY PROCEEDING
## AUSTIN FEDERAL

FEB 1 1 2021

CLERK U.S. DISTRICT CLERK
WESTERN DIST. OF TEXAS
BY_____
DEPUTY

1:21CV0151 RP

**Homer J. Thornberry Federal Judicial Building** 903 San Jacinto Blvd., Suite 322
Austin, TX 78701 Office: (512) 916-5237

### Ex PARTE EMERGENCY 28 U.S. CODE § 1651.WRITS

### GROUNDS TO REISSUE THE STAY

### FAIR HOUSING VIOLATIONS

### STAY ENFORCEMENT OF ILLEGAL EVICTION

### ILLEGAL SALE 905 N 11TH STREET

### RULE 20. PERMISSIVE JOINDER OF PARTIES

### REGULATION Z HOLDING ORDER

### NON LIABILITY CLAIM 51.002

Kent Graham an individual

Pro se

905 N 11th street

Temple Texas  76501

254- 987-0109


Colette Savage

7154 State Street #302

Boise Idaho 83714 Coletteski2454 @gmail.com 310-993-8734  IN PRO SE


1

AUSTIN FEDERAL COURT EMERGENCY WRIT ON VOID MORTGAGE JUDGMENT

Versus

Mark Savage / Fiduciary/  Defendant
203 Second Street
Hubbard Texas 76648 808-282-2442 Et al.

Versus
Michael McDonald
62 Elm Street
Hillsboro Texas 76645

Versus
Vijay Mehta
805 paintbrush lane
Temple Texas 76502

Versus
Thomas Gray
Rex Davis
10th COURT OF APPEAL
501 Washington Ave #415
Waco 76701

Judge Lee Harris
66th Hill District Court
1 Waco Drive
Hillsboro California
76648

REFERRING TO JUSTICE CASE FOR ILLEGAL EVICTION 322015002936
TEMPLE TEX
REFERRING TO 66TH CASE ILLEGAL FORECLOSURE 52939 HILL COUNTY TX
REFERRING TO APPELLATE COURT 10-17-00139 WACO 10TH DISTRICT
REFERRING TO BANKRUPTCY19-01462 BOISE IDAHO

**Verification response** to the assertions of counterfeit fraud EACH AND EVERY
ALLEGATION/. SIMPLE DENIAL WILL NOT BE ACCEPTED NOR MOTION TO
DISMISS

AUSTIN FEDERAL COURT EMERGENCY WRIT ON VOID MORTGAGE JUDGMENT

# TABLE OF CONTENTS

TITLE PAGE …………………………………….        PAGE 1-2

TRANSFER DOCUMENTS…………………….

28 CODE OF WRITS…………………….        PAGE 3

RULE 20……………………………….        PAGE 3

FRAUDULENT JUDGMENT………………..        PAGE 4

JURISDICTION/ FED SCHEME………………..        PAGE 4

LIST OF EXHIBITS ………………………….        PAGE 5

PUBLIC LAW VIOLATIONS…………………………        PAGE 7

STATEMENT OF FACTS …………………………………….PAGE 1-6

PROOF OF COUNTERFEIT SECURITIES …………..        PAGE 8-22

CONCLUSION ……………………………………        PAGE 22-23

## TRANSFER TO AUSTIN FEDERAL COURT

We ask that the Austin Federal Court review the evidence because of all the irrefutable evidence we present in this case of multiple court frauds and felonies enlisted by the Waco Appellate Court 10 and the Hill County 66th court. Rooker Feldman does not apply to multiple court extrinsic frauds. This is a new action on the robbery of Colette Savage's California Bank of Marin account of $550,000 in April of 2020, the theft of 905 N 11th Ave. Temple Street Texas on going and all illegal liens and foreclosures that follow. These are new frauds using void judgments.

We can prove in this brief with 29 pieces of evidence that witnesses several felony frauds occurred in the Waco region where all judges and defense attorneys in this case action appear to be the binding nexus of Baylor legal community.

The public policies that have been violated here against seniors are numerous and cause harm to the entire community breaching the integrity of the court system. We prove a UCC filing never existed for any loans, lending in this case.

## 28 U.S. CODE § 1651.WRITS

## ALL WRITS ACT

**(a)**The Supreme Court and all courts established by Act of Congress may issue all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law.

**(b)** An alternative writ or rule nisi may be issued by a justice or judge of a court which has jurisdiction.

The final adjudication in the TX State Court is not final until validated and investigated for the fraud Colette Savage/ Kent Graham asserted in moving papers, then, it stands to reason that there is no lawful adjudication on the merits and therefore, the Texas state court has not, in effect, reached its judgment first and it remains void. I am the true owner of this home and cannot be evicted under court frauds. An illegal exparte hearing occurred on January 21 2021 knowing and believing by speaking to the clerk that the court had postponed this case to February 1, 2021.The court stating they would send notice. Kent Graham suffered another TIA around this time.

## RULE 20. PERMISSIVE JOINDER OF PARTIES

(a) PERSONS WHO MAY JOIN OR BE JOINED.

(1) *Plaintiffs.* Persons may join in one action as plaintiffs if:

(A) they assert any right to relief jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and

(B) any question of law or fact common to all plaintiffs will arise in the action.

(2) *Defendants.* Persons—as well as a vessel, cargo, or other property subject to admiralty process in rem—may be joined in one action as defendants if:

3

AUSTIN FEDERAL COURT EMERGENCY WRIT ON VOID MORTGAGE JUDGMENT

(A) any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and

(B) any question of law or fact common to all defendants will arise in the action.

(3) *Extent of Relief.* Neither a plaintiff nor a defendant need be interested in obtaining or defending against all the relief demanded. The court may grant judgment to one or more plaintiffs according to their rights, and against one or more defendants according to their liabilities.

(b) PROTECTIVE MEASURES. The court may issue orders—including an order for separate trials—to protect a party against embarrassment, delay, expense, or other prejudice that arises from including a person against whom the party asserts no claim and who asserts no claim against the party.

## FRAUDULENT JUDGMENT LIEN 51.902

If the lien is a judgment lien, considering filing an Action on Fraudulent Judgment pursuant to §51.902 of the Texas Government Code

## JURISDICTION

This court has jurisdiction on a void judgment and constitutional issues. 28 U.S.C. § 1254 (1). There is diversity of citizenship between the parties and the amount in controversy exceeds the sum of $75,000. The district court had jurisdiction under 28 U.S.C. § 1332(a) JURISDICTION over Texas trial court 52939 66th district and Appellate 10.

## SEE AFFIDAVIT KENT GRAHAM  FOLLOWING

## THIS BRIEF

## WE ARE REQUESTING IN AND ALL LIENS REMOVED UNDER 51.902

## CAN SOMEONE FIX THIS PROBLEM ASAP

4

AUSTIN FEDERAL COURT EMERGENCY WRIT ON VOID MORTGAGE JUDGMENT

## EXHIBITS TO PROVE CRIMINAL MISCONDUCT

Exhibit 1,2,3,4 NOTES

Exhibit 5. identifies the fraud by investigator

Exhibit 6 Lien Release 3 removed from LIEN identifies fraud

Exhibit 7 New contractual settlement Trustee Sale Notice identifies fraud

Exhibit 8 New Deed of Trust identifies fraud

Exhibit 9 payment to buy back stolen properties identifies fraud/forced  settlement

Exhibit 10 Forensic investigator

Exhibit 11 Judge Mirams settlement  2015 ORDER overruled in Texas

Exhibit 12 Judge Rundee California settlement probate ORDER

Exhibit 13 Mark's temporary removal from office under investigation as a fiduciary of SAVAGE TRUST ASSETS

Exhibit 14 Mark's actual removal from office by court order mishandling trust. FIDUCIARYREMOVAL AND RECUSAL OF TRUSTEE/ POA AND DURABLE POWER OF ATTORNEY

Exhibit 15 Judge Harris orders

Exhibit 16 COA orders

Exhibit 17 Mark's settlement in California

Exhibit 18 Trust Settlement $18,835.52

Exhibit 19 Rescission December 22, 2014

Exhibit 20 Rescission

AUSTIN FEDERAL COURT EMERGENCY WRIT ON VOID MORTGAGE JUDGMENT

Exhibit 21 Distribution Order

Exhibit 22 Mislabeling of evidence

Exhibit 23 New Affidavit  Rocky Hunt

Exhibit 24  12 CFR1026.37 Loan Estimate.

Exhibit 25 **NOTICE CONCERNING EXTENSIONS OF CREDIT DEFINED BY SECTION 50(a)(6), ARTICLE XVI, TEXAS CONSTITUTION:**

Exhibit 26 Misstatement of Facts on Lending

Exhibit 27 illegal interest

Exhibit 28 Ignored Statutes

I declare all exhibits are true and correct copies of documents already entered into Court.

Colette Savage

6

## Public laws are designed to affect the general public

Take public notice of all complaints and frauds against the Texas locale that offends Public Policy interests and violates each and every person's rights to grievance. A typical statute may establish an obligation or a mandate on behalf of a Federal agency. The government, just like auto companies, needs to ensure that its citizen-consumers have access to an array of goods and services. One approach to thinking about **public policy** is to see it as the broad strategy government uses to do its job. More formally, it is the relatively stable set of purposive governmental actions that address matters of concern to some part of society.

### Public Take Notice Colette Savage Whistleblower REVEALS

### COUNTERFEIT FRAUD

Fraud takes place at the 66th court, concealing, destroying evidence, mis-labeling, misrepresenting evidence and bias, concealing the documents, then converting those documents constituting document fraud.

COA 10 Justices which never accomplished the du novo review as promised. They cover up the concealment by the 66th court, convert the counterfeit notes, themselves (exhibit 1,2,3, 4) already extinguished and settled prior to any Texas litigation and enforces fraud and fraud upon the court and California probate court. Exhibit 28 Statutes breached by a court of law. Both courts ignored Rescission and all settlements.

7

AUSTIN FEDERAL COURT EMERGENCY WRIT ON VOID MORTGAGE JUDGMENT

**TEAR THE NOTES UP! STATEMENT OF FACTS!**

**COURTS KNOWINGLY ENGAGED IN SERIAL FRAUDS**

**FRAUD UPON THE COURT**

We object to the two judgments under the Texas trial court Judge Lee Harris 66th district court, and the Appellate court district 10  Thomas Gray Justice for systematic extrinsic frauds in and upon the court,  the removal of plaintiff's civil rights, due process and property rights of two senior citizens. Both Texas judgment under 66th court and 10th court of appeal impeach each other by misstatements of facts, dates, alleging a signature and fraudulent **retitling** which constitutes  fabrication of evidence and legal trickery. (exhibit 15 &16) Penal code 37.09. We list numerous fraudulent assertions, and illegal allegations by Appellate Court 10 opinion without any basis in fact, never asserted by witness. (Exhibit 16 pg 3,17) The court refusing to correct the injustice of their opinion constitutes public malfeasance. (Public Take Notice. This could happen to any litigant or senior.) Testifying for the defendant witness whom perjures himself and contradicts his own loan documents and a fraudulent Deed of Trust constitutes fraud against the court  a Title 18 claim 1512 Witness Tampering/ Evidence Tampering. (exhibit 1,2,3,4)  The plaintiff's prove deprivation of civil and constitutional rights against two seniors.  There is no contract and never has been a contract. This is a court fraud. We ask the Federal government to enjoin against court frauds and state sponso d property theft. We offer irrefutable proof of dozens of violations  **of due process** against legal and constitutional rights when the court illegally allowed, aided and abetted  property to be transferred without a scintilla of evidence of "consideration" or proof of legal security into the hands of Mark Savage and his agents representing themselves at all times as Trustees. ( illegally violating property code 51.0074. (exhibit 28)  There is proof of  a defined premeditated felony scheme using the position of Trustees with blatant misinterpretation of statutes of frauds under Real Estate law in a grand theft scheme to defraud.. ( pled by plaintiff in amended petition)  We prove  non-entitlement of any justification or jurisdiction that removed all properties and property rights from two senior citizens. Colette Savage,

EMERGENCY WRIT  ENJOINER ON VOID JUDGMENT

1

where both courts engage in false rushed (railroaded) summary judgments that were not allowed due to LEGAL RESCISSION (exhibit 19 &20) that preceded **all Texas litigation** and barred those summary judgments. Both Summary Judgments denied all pretrial motions and blocked/ obstructed discovery. Jurisdiction for Mark's premeditated felonies could not take place in a court of law even under summary judgment. The evidence and NON DISCLOSURES not only were missing such as (SECTION 50 (a) (6) & SECTION 50(f)(2), (exhibit 24-26 TILA/ RESPA DISCLOSURES). TILA proves the court committed multiple criminal acts in this case and stripped both Colette Savage and Kent Graham of their right to own properties and bank accounts. Then illegally pursued Kent Graham (manager) of their legal right to defend and protect himself and his right to own properties in an illegal sale of house under his own name at 905 N 11th street in an unlawful act (exhibit 27). There was never a legal transfer according to TILA SECTION 50 (a) (6) (f)(2) A-J, nor on any properties nor could a transfer, substitution, replacement occur of any mortgage loan claim to any other securities note which cannot exist by law nor is expressed with proper disclosures in the mortgage notes, where non-disclosures under (exhibit 1,2,3,4) do not exist and are mandated. The loan documents could never be secured by law (never filing with Secretary of State) see forensic Rocky Hunt (exhibit 23) because the written expression and terms of service relies (exhibit 3) on the promised $240,000 loan offer and no other offer exists! TILA § 1026.2(a)(25).(exhibit 24-26, 28) SECURITY INTERESTS. The notes do not meet the definition of a security interest.) This entire case is one of a well-planned and manifested premeditated admitted fraud scheme involved in latches/ unclean hands that appears to have occurred with the assistance of the 66th court and the COA 10. We prove all plaintiff's objections and causes of action were concealed and suppressed by both Texas courts of law, identifying a clear and irrefutable **conflict of interest** in justice by the trial court and Appellate court 10 and their conversions along the way. Summary Judgment is barred by legally and timely filed Rescission (exhibit 19 & 20) Section 1026.36(d) of Regulation Z (12 C.F.R.§ 1026.36(d)). (Exhibit 25). The court was barred from litigating the fraudulent securities.

EMERGENCY WRIT ENJOINER ON VOID JUDGMENT

Separating the notes for another felony payoff under a fraudulent default is barred by contract law, non-disclosures, non-signature and an out of jurisdiction probate claim **that was resolved properly** in the court of competent jurisdiction, SAN MATEOCALIFORNIA PROBATE. CALIFORNIA COURTS impeach Mark's attorney's fees claim and TRUST expenses. (see exhibits 11,12)This constitutes the courts engaged in California statute **1805 THEFT BY TRICK (PEN. CODE, § 484)** under California law.  (Exhibit 25) 7 TAC §80.200(a)  Rescission covers the entire loan scheme or any other non-disclosed premeditated scheme and that scheme is barred the first time and the second time in the use of illegal documents (the second laundering knowing a new Deed of Trust January 6, 2016 (exhibit 8) lvrs further litigation. The action of ignoring the second Deed of Trust constitutes a new crime that occurred under case 52939 in Hill County and in COA 10. Deed of Trust (exhibit 5,6,7,8,9) bars further litigation and proves settlement. (see forensic specialist Rocky Hunt exhibit 23) The court engages in money laundering crime scheme under Deed of Trust exhibit 8.

Plaintiff did not apply for two loans of $240,000.  Nor did she receive any $240,000 loan. The court knows this! This evidences the LENDER as fraudulent and the loan documents as counterfeit a second time. Resubmitting the same loan documents the second time after a settlement constitutes **money laundering** in a court of law, another crime. (The defendant obtained property that (he/she) knew was owned by someone else)- Theft by LEGAL TRICKERY. 1805. The court could not repossess Colette's properties as another artificial security when the security did not exist the first time.  Summary judgment was unlawful and could not hold any notes collectable because me notes are deemed a counterfeit and uncollectable under Fair Debt Collection Practice Act. ( Mark switches the terms and conditions under the loan documents during litigation) The Texas  courts become  undisclosed parties by presenting and offering  another agreement without Colette's signature but the very same exhibit 1,2,3,4 were unlawfully  converted into an ambiguous inadmissible California  probate scheme. This is evidenced in the  37.09 Sec. 37.09. TAMPERING WITH OR FABRICATING PHYSICAL EVIDENCE /SECTION

32.32, Texas Penal Code (exhibit 26 , 28). This is another DISCLOSURE mandated by law, never offered in writing by Mark, Loan Originator, Trustee Michael McDonald on loan package, nor the Texas Courts. The Texas courts mandated no disclosures or loan schedules under the fraudulent offering. The court becomes another illegal banker, trustee, contractor, convertor, party to document fraud laundering the fraud a second time simply by retitling notes and changing the terms of service to something entirely illegal and ambiguous. ( exhibit 16) Both the trial court and the Appellate court District 10 are illegally warranting Mark's illegal lending practices. 8 U.S. CODE § 1324C. **PENALTIES FOR DOCUMENT FRAUD**. The Appellate court is involved in recording a document fraud by plucking a August 22, 2014 note out of a series and retitling that note as a Texas note impeaching the Harris judgment title as a PROMISSORY NOTE. Both notes do not exist nor secured any properties nor do the signatures on any notes refer to a contractual obligations since the Promisor failed to deliver or perform. The basic rule is that an offer of performance is of no effect if the person making it is not able to perform. - in <u>Saldate v. Wilshire Credit Corp., 2010</u>

8 USC CODE 1342 3. Document Fraud: **"to use or attempt to use or to provide or attempt to provide any document lawfully issued to or with respect to a person other than the possessor (including a deceased individual) for the purpose of satisfying a requirement of this chapter or obtaining a benefit under this chapter…"**

The Texas courts joined in inescapably laundering inadmissible **loan documents** twice knowing proper mandated disclosures were absent. (Exhibit 10 forensic investigator David Boggs) The $240,000 loan was absent and without Mark ever having to file a proper claim or **one cause of action** (exhibit mandated disclosures exhibit 23-27) voids his claim. See Affidavit of Kent Graham following this brief which also evidence that all Secretary of State filings mandated by law were absent. (exhibit A,B,C,D,E, F). "The court knew the claim was illegal and acted on that illegal claim twice and acted in disregard for plaintiff's rights. <u>PERMITO v. WELLS FARGO BANK, NA, 2012</u>". Any illegal bifurcation by the court without a motion for another unlawful collection on a default is an illegal act without disclosures mandated by the Texas commission on banking and

Lending.. (See exhibit 15, 16 illegal judgment for the amount of $383,000/ **processing a fraud scheme the second time,** includes illegitimate attorney's fees for a second time for Michael McDonald, sanctions and interest on a Promissory Note that did not exist on August 22, 2014 nor thereafter.  This here in is another crime. All Promissory Notes were extinguished by non lending on September 5, 2014, two years prior by Mark's default. (exhibit 2,3,4) Then all promissory notes were extinguished by Mark on September 16, 2015 in an oath under penalty of perjury. (exhibit 17). All Promissory Notes were denied by California probate on September 16 and then again on November 13, 2015. (see exhibit 11,12) And extinguished again under foreclosure sale. (exhibit 7,8,9,10) We have irrefutable proof that Promissory Notes did not exist in this case by the Summary Judgment, then again on September 29 Mark extinguished the notes in probate, therefore, the defective judgment is void for numerous frauds and frauds upon the court. (exhibit 2,3 are not  Promissory Notes and refer to loan documents. See merger clause) Forensic investigator Rocky Hunt and Bobbie Revel. (Exhibit 5, 10, 23, 17) impeaches the documents as illegitimate and court public policy frauds)  Mark never filed a cause of action which voids his claim.  "In determining whether an action is `on the contract'under section 1717, the proper focus **is not on the nature of the remedy, but on the basis of the cause of action** - in In re Tobacco Cases I, 2011.

The court legalized illegal *loan documents* and Deed of Trust, laundered that defective offer for a second scheme to repossess all the same property again and Colette's inheritance that could never be legalized or lawful the first time. (exhibit 6,7,8,9,10. They bifurcated  illegal note titled  Real Estate Lien Note then the court retitles that note knowing it fails as a lien.. The document cannot be referred to as any other document or function that provably never did or could lien, (**no Secreta~*j* of State Seal**)  never had the power to lien nor proper disclosures and affidavits required by Secretary of State. (see exhibit 5 nor recorded investigator Bobbie Revel).  That Real Estate Lien Note (exhibit 2) note was an unfunded liability.  Exhibit A,B, C, D, E, F Affidavit Kent Graham. Instead the property was stolen with an illegal Deed of Trust September 5, 2014 without consideration referred to in documents exhibit 3. The court could not convert

EMERGENCY WRIT  ENJOINER ON VOID JUDGMENT

document 3. It lays out terms and conditions.  The opinion and declaration of the judgments (exhibits 15,16) represent the court  perjured false evidence and testimony impeachable and collaterally attacked by the unsecured  loan documents  that controverts the Deed of Trust offer exhibit 4.  Michael McDonald is a false Loan Originator and Fraudulent Trustee. There was never a lien on any property. McDonald constructed a false document.  The  Deed of Trust obtained by Colette's fiduciary acting in illegal possession of the documents, steals his principals  properties without the obligation and promise of fulfilling a $240,000 loan under exhibit 3 and alleged in Deed of Trust 14 times by LENDER. Any history brought by Moss illegal agent/ Trustee and Trustee Michael McDonald on behalf of Mark is also bearing false witness  and to be disregarded as false evidence of a $240,000 loan.  Mark breached his own contract. (exhibit 15, 16). The Appellate court under Justice Gray refers to an ambiguous document called "this note"  (pg 3 ) which is then converted to a "Texas Note" magically and instantly by fraud. We do not know which note he is applying this to since Colette never signed an ambiguous note at any time on August 22, 2014, nor notarized such a document. Colette never signed a "this note" nor a "Texas Note". Colette rejects the Texas Note offer by the Appellate court. A Texas Note does not exist in the Harris illegal Judgment which refers to a Promissory Note which constitutes a loan document in the merger clause.. The authentic  title of the notes impeaches both judgments. The judgment does not ever reference the ***loan documents***. Roberts v. Roberts, 621 S.W.2d 835, 837-38 (Tex. App.-Waco 1981, no writ). There never was any legitimate Lien nor Deed of Trust nor financial obligation. Trustee McDonald defines himself as MORTGAGE ORIGINATOR which is another false statement under the Deed of Trust since McDonald Trustee never originated any Loan. That voids Mark and McDonald's claim as Trustees. (exhibit 28 lists violations)  Both courts never proved  Mark carried any expense over the loan documents since he never made the promised $240,000 loan made under the documents.  Loan origination is a false title under Deed of Trust.(no disclosures under TILA) We identify the anatomy of a crime. Mark breached his own contract. Mark was never damaged.

EMERGENCY WRIT  ENJOINER ON VOID JUDGMENT

There is no attorneys fees provision for fraud. This voids the $383,000 judgment that was earlier settled for $10,001. Documents 1,2,3,4 do not exist a ; legal documents.

 The court introducing Trust Documents by Beatrice throws the case back to California probate and identifies the Texas court is relitigating a probate claim under loan documents by the Mortgage Loan Originator, clearly a conflict of interest in jurisdiction and under the Note documents (exhibit 1,2,3,4) therefore the documents no longer exist as loan documents. The court voids Mark and McDonald claim and documents simultaneously. Mark nor McDonald partner ever filed a cause of action for any conversion or term changes under the loan offer. Therefore, the loan offer they both defaulted on remains! Subject matter under the Deed of Trust remains a loan and cannot be changed at anytime. Subject matter remains the loan never consummated and the Deed of Trust illegally recorded. That subject matter cannot change.

 McDonald making a false statement in petition is clearly violating penal code 32.32. False Statements to attain Property (exhibit 16 pg 3) ( exhibit  TILA/ RESPA DISCLOSURES 32.32 1,2,4,7)  False statement  made by McDonald, Moss ( Mark's California agent) Mraule/ Peter Myers (Mark's California agents) to call themselves Trustees related to document MORTAGGE LOAN fraud 18 US CODE § 1324C is an admitted act of a crime.  Fraudulent judgements cannot endorse mortgage fraud. Section 32.32 (b) The Appellate court makes misleading statements (judgments)  to obtain properties and assets on behalf of Mark and agents under an unwritten scheme. That scheme could not become the subject matter of a failed $240,000  loan. (exhibit 16 pg 3) Mark's  petition never  states a cause of action and never gives fair notice to the opposition for a foreclosure held illegally by properties he never really held legally or owned. It is difficult to counter McDonald's  confusing and complex pleading without filing **one cause of action** then removing all of Colette's causes of action by a court acting in prejudice and bias.. The advancement of fraudulent  judgments identifies the deep prejudice and bias of the courts and the refusal to protect constitutional rights and follow the rule of law. The courts advance laundering  on an unexpressed testimony that

EMERGENCY WRIT  ENJOINER ON VOID JUDGMENT

changes from pleading to pleading. ( a second illegal benefit) through bifurcation on unsecured documents) As soon as the Appellate court refers to a California Family Trust and tiles over the loan documents with a settled California Trust they not only stepped into California probate, they actually construct a court fraud using counterfeits. That is reconstructing subject matter. Retitling those notes by a court of law constitutes misstatement elements of fabrication under penal code 32.32 7 (b). 9 (exhibit 27). That is a crime. One court covering for another to construct injustices maintains extrinsic fraud. (Beatrice died in California) The Trust was a California Trust. The Trust states the Trust can only be heard in California, with exclusive jursia:.-tion. A legal transfer could never take place under the mortgage loan documents for a settled Trust, not even the foreclosure notice could be used for illegal transfers since it did not loan nor could any execution of the order exist. The terms of a loan still exist under the alleged breached loan. (exhibit 3 does not permit any changes in the terms and conditions) There is no binding agreement under exhibit 1,2,3,4. Rescission becomes the BINDER. (exhibit 19,20) (exhibit 27 illegal usury) Brady v Maryland against both the Texas court and appellate court. The Rescission under TILA (exhibit 19, 20 is concealed by both courts) The court is out of jurisdiction once Rescission is entered as an equitable remedy. In this we can say the litigation objectives of Mark and the Texas court are in true alignment to convert. The court allows Mark to bring in a new matter for a new defense illegally. There is no juristic reasoning for this except blatant personal interest.

WE include the present litigation under the Texas unlawful judgments. Bell county is left with no means to defend their actions of illegal forfeiture on 905 N 11th street Temple Texas 76501 against Kent Graham in which Mark had no claim or cause of action. Nor was Mark a plaintiff in the 5239 case. Here again the court gets who has title of 905 N 11th street wrong. SEC. 32.03 AGGREGATION OF AMOUNTS INVOLVED IN FRAUD The administrator of the Hill County court writes an errant writ without proper TITLE DOCUMENTS. (Exhibit 28) Kent's Affidavit (exhibit A-F) The court again refusing to verify or authenticate any documents.( exhibits 1,2,3,4)

EMERGENCY WRIT ENJOINER ON VOID JUDGMENT

The judgments are void for subject matter fraud. Any and all transfers or fraudulent transfers/ substitution have been illegal under counterfeit documents Title 18 UCC code 514. The judgments had to refer to the **loan documents** and no unexpressed written alternative documents occur here.  (exhibit 28) (SECTION 156.06.) We put the justice court on notice as a court acting in fraud nor that any homes be taken or removed under illegal judgments lacking findings of fact, subject matter jurisdiction, disclosures and constitutional authority. Kent cannot be evicted from his own home at this time. The sheriff sold Kent's home at 905 N 11th street. That home also has a LES PENDENS against it. F, G.  (See Kent Graham's affidavit following this brief.) (See forensic specialist exhibit 10) The Texas court had no jurisdiction when all disclosures mandated by law did not occur under the documents. The Appellate court commits a serious court exculpatory fraud by converting a California Probate court settlement into a payment. There is no payment on the loan scheme, nor could there be under TILA, RESPA, FDCPA, DTPA.  There is no payment schedule plan. The court had no authority to go outside the four corners to allow and advance multiple frauds and expand those court frauds. The notes were never secured.  The Texas courts had no authority to ignore Regulation Z under TILA Rescission. The courts had no legal authority under FDCPA to apply a personal loan repayment of $7.063 to a $240,000 mortgage loan when that loan was never listed under exhibit 1,2,3,4 nor in the Deed of Trust, nor PARTIAL LIEN RELEASE, nor new Deed of Trust. Nor was the $7,063 offered in the loan documents (exhibit 1,2,3,4) Any and all probate assertions by Mark were denied by California Probate. The Appellate court constructs a court extrinsic criminal fraud by over-ruling multiple California PROBATE settlements. ( exhibit 11,12,13,14)  We prove malice by both Texas courts and embedded prejudice toward pro se protections.  Courts of law cannot endorse the frauds of other courts. (See appellate opinion exhibit 16) which becomes a reoccurring pattern under the presentment of judgments that admit to criminal fraud. There is no findings of fact and conclusion of law for breaking the law. Nor can the counterfeit notes be converted into probate securities for illegal purposes in Texas. There is no entitlement on fraud schemes -Deceptive Trade Practice.  Both summary

judgments were illegally filed by destroying all due process and Mark's non answer to frauds. A simple denial will not do when the petition asked for verification. The court then may not testify on behalf of Mark. Mark's attorney's fees resolved and denied in California Probate court, where both parties argued those fees, nor could those fees have relevance under loan document offer in exhibit 1,2,3,4.. The judgment contradicts the loan documents and the loan documents contradicts the judgments. The evidence impeaches the judgments as frauds.

Nor could Texas court convert a fraud claim without disclosures to cover up that claim rolling it into another fraud on behalf of Mark and his agents of the court. There are no disclosures to covert a Mortgage loan into any other ambiguous fraud scheme. Mark never answered the fraud claim. The court cannot skirt the issue. **§514. FICTITIOUS OBLIGATIONS/ COUNTERFEITS**

There are no preliminary notices or disclosures for any modification. Modification is another crime that took place offered by the 66th and COA 10 th court and could not occur during court processes. No court in the United States had jurisdiction to deny Colette's numerous causes of action for fraud and breach of fiduciary duty without committing contempt on her fifth amendment rights by concealment. Nor could the Texas court enforce and hold up Mark's illegal counterfeit notes twice. Mark nor the court could modify the notes without another forgery for a second illegal entitlement. $10,001 the first time, $383,000 for the second default on the exact same counterfeit scheme never authenticating the actual documents. **18 U.S. CODE § 1002. POSSESSION OF FALSE PAPERS TO DEFRAUD UNITED STATES.**

We ask that Default should be stricken by the federal court. There was never a default nor any legal notice of default ( twice ) The Standard of Review for default is another court crime. Mark never proved default nor sent a Declaration of Default mandated by law. Default was never authenticated by any court. In fact, Colette never even knew Mark had taken possession of her properties so how could she know she defaulted on Mark's loan offer on January 1, 2015. The court claiming a default occurred without proof is another court crime. Mark could not secure any homes on a loan "offer" or

EMERGENCY WRIT  ENJOINER ON VOID JUDGMENT

presentment that he fails to fulfill nor could Colette default on Mark's failed obligation under loan documents. **All documents are deemed a forgery after legal Rescission and cancellation and had to be returned. (exhibit 19,20)** Both Texas courts cannot deny and conceal causes of action for fraud and uphold fraud which impeaches their stating a standard of review occurred. The second time we prove predicate acts from the courts racketeering in their rush to judgments replacing subject matter to probate. The second time proves the court emotionally abused Colette intentionally and all her family members. Both courts constructed and rushed extrinsic fraud to protect those frauds all without the mandated disclosures by law. SEC. 156.004 DISCLOSURE TO APPLICANT **missing under TILA documentation.** We prove illegal process by both Texas courts under color of law and serious violations under TRUTH IN LENDING ACT. Both courts were well aware there was no consideration for any loan documents and certainly not valuable consideration, nor could consideration be swapped out or exchanged during litigation when dozens of court settlements and Rescission blocks those illegal counterfeit efforts. (This identifies proof standard of review did not occur.) Therefore, Judgement is void under default scheme. The judgment was used as an artifice to the fraud. The court never admitted the actual documents, refer to those documents by proper title and follow up settlement documents such as new Deed of Trust recorded. We request restitution for this emotional abuse.

18 U.S. CODE § 1011. FEDERAL LAND BANK MORTGAGE TRANSACTIONS

Whoever, being a mortgagee, knowingly makes any false statement in any paper, proposal, or letter, relating to the sale of any mortgage, to any Federal land bank; or Whoever, being an appraiser, willfully over-values any land securing such mortgage—Shall be fined under this title or imprisoned not more than one year, or both.

Obviously the notes were never authenticated by the court if they converted the notes in an extrinsic fraud. There are no protections for Mark for presentment of fraudulent claims and non disclosures. See Kent Graham's affidavit following this brief. (exhibit 28) Both courts processed and indulged in an extrinsic fraud scheme constructing two

EMERGENCY WRIT ENJOINER ON VOID JUDGMENT

fake summary judgments (false flag actions) knowing the entire case was barred due to their irrational railroading a judgment denying each and every due process mandated under TRCP including Rescission. The case was to be heard again in San Mateo California. The Texas court interfered in that Trial. We identify personal interest, malice and deceit. (California choice of law clause on the notes (exhibit 1 page 2) Both Texas courts engaged in extrinsic frauds to railroad counterfeits knowing Rescission was a bar (exhibit 19, 20) (exhibit 23-27) and involve themselves in the illegal construction of bifurcating settled notes by Trustee Sale for another illegal entitlement after settlement. The Texas court lost jurisdiction knowing they were running the exact same probate case along California and that is when they involved themselves in a bifurcation extrinsic fraud scheme, retitling the notes all attached to the Acknowledgement (exhibit 3) making that switch impossible. (exhibit 19,20,28 breach of statutes ) The court cannot testify to Colette ratifying a new presentment during litigation when she is arguing fraud and abuse of process. The subject matter had to remain the loan document and failure of Mark to fund that loan. The court may not change the subject matter under the notes..

Sanctions are most frequently entered by trial courts as a consequence of a party's abuse of pretrial discovery procedures and Mark and the Texas court certainly did everything in their power to suppress all pretrial discovery and blocked scheduling of a trial. Colette was told by Judge Harris clerk, Jane Hall that Texas does not do case management on cases. She found out since then this is a fraudulent statement which removed her legal rights.

 Mark never had any LEGAL credit interest in any properties, nor security, nor ever could have credit interest resulting from his own failed contract to loan $240,000 which is why all pretrial discovery was suppressed by both Mark Savage and the Texas court. That construes the Real Estate Lien Note as another counterfeit document as well as the Deed of Trust. Both courts were aware of California choice of law on the alleged loan transaction and chose to ignore all clauses written into the documents including any clause that asserts Mark's oral claims must be denied (last paragraph Deed of Trust and

EMERGENCY WRIT ENJOINER ON VOID JUDGMENT

Real Estate Lien Note). (exhibits 2,3, 4)  Mark could not change the subject matter of the loan documents and neither could the courts. WE prove coverup, suppression, evidence tampering and ignoring all state statutes and disclosures by the trial court and the Appellate court who's judgments contradict each other and the loan document offer! Both do not give proper title to the transaction and construct illegal severing from the Acknowledgement which incorporates terms of service.  The sanctions available to curb discovery abuse are stated in Texas Rules of Civil Procedure 170 and 215a.94. And we know that the courts never authenticated any loan documents or Deed of Trust. They avoid this process in their judgments. Exhibit 15 &16. Whatever this plaintiff pleads we ask that it does not waive any rights to other causes of action she is discovering .

**18 U.S. CODE § 1018. OFFICIAL CERTIFICATES OR WRITINGS** Whoever, being a public officer or other person authorized by any law of the United States to make or give a certificate or other writing, knowingly makes and delivers as true such a certificate or writing, containing any statement which he knows to be false, in a case where the punishment thereof is not elsewhere expressly provided by law, shall be fined under this title or imprisoned not more than one year, or both.

Both courts know Mark's California probate attorney's fees is not a term of service under any of the loan document offer nor even in the DEED OF TRUST, September 5, 2014 (exhibit 4) nor is there a $240,000 debt for double probate attorney's fees and triple probate expenses. We proved  Mark embezzled  trust expenses in  California from the Trust, (removed as fiduciary from Trust exhibit 13,14), nor does Colette owe the family trust $240,000 through another court scheme nor does Colette owe Mark Savage under Trust $240,000 nor could Mark ever substantiate he is owed $240,000 for his California probate attorneys fees as justification for his failing to fulfill his obligation under a mortgage loan. ( his fees denied amounted to $120,000) This proves accounting fraud never litigated by either court but presented by Colette Savage as a cause of action.  We determined it is a criminal premeditated act for the  Texas courts to avert the crime to another crime that lacks subject matter jurisdiction in their own court without any reference or transfer documents to do so. Mark's personal third party debt is disallowed

EMERGENCY WRIT  ENJOINER ON VOID JUDGMENT

under FDPA and under most federal and state laws and under his own loan offer. That was already ordered and settled in California exhibit 11,12, 13, 14. And the Texas courts know this and ignored all the evidence so they could launder the same documents again does not fair well to identify integrity of the courts. Mark's fraudulent statements in Texas impeaches his own loan documents and recorded Deed of Trust. The COA states Mark's testimony is the only evidence they rely on! How one depends on one document alleged by the counterfeiter when the 40 pieces of evidence brought to the court by Plaintiff was suppressed identifies actions worse than prejudice. It evidences illegal court scheming, malice and deceit by an entire court.  TILA (Truth in Lending Act) bars Mark and the Texas courts probate scheme deeming that scheme irrelevant to any loan documents.  Mark's claim had to be dismissed. The court in Texas could not support payment under probate when we prove Mark was removed by the PROBATE court for mishandling his mother's Trust Assets on June 3, 2014. Mark was gifting to himself Trust assets easily provable to anyone doing math. Then Mark comes to Texas to commit another embezzlement on Trust assets again. Mark then commits a third embezzlement of Trust assets again after the Trustee Sale.  The court in their judgments are fabricating new terms of service that do not exist.  Texas may not overrule California Probate Orders exhibit 13,14, 11, 12 without activating contempt of California courts and probate law as well as statutes, that gives California exclusive authority over probate cases.  Mark lost his case in California. Only California probate can pass laws and judgments regarding probate therefore the Appellate and trial court reconstructing California probate laws from the bench and attaching them to $240,000 loan offers constitutes court honest services failure and frauds.. There are no disclosures for such frauds, transfers nor to collateralize the notes again after an illegal staged foreclosure settlement occurred for $10,001 and a new Deed of Trust. **18 U.S. CODE § 1018. OFFICIAL CERTIFICATES OR WRITINGS** under these writings the court may not change any terms of service and conditions.  (exhibit 8) CHAPTER 157 (MORTGAGE BANKERS AND RESIDENTIAL MORTGAGE LOAN ORIGINATORS) NOT INCLUDED  / SEC. 156.105 STANDARD FORMS  NOT INCLUDED (Exhibit 27) The court could not allow Mark to modify any

EMERGENCY WRIT  ENJOINER ON VOID JUDGMENT

fraudulent notes for more illegal transfers. Mark never signed the notes. He constructed them. He had no authority to reconstruct deeds of trust that were already recorded. Mark and his agents did not disclose they have an affiliated business arrangement with the court that would disallow presentment of Colette's causes of action and suppression of her evidence. That affiliated business relationship between the courts and Mark in agency had to be disclosed to the plaintiff. TILA Sec. 156.005 Affiliated Business Arrangements. It appears Trustee McDonald hired the courts to breach dozens of California court orders and loan documents all to get to the California Trust assets.

Exhibit 3 proves Mark's probate attorneys fees is a perjured allegation since the loan documents rely on a $240, 000 funding on August 22, 2014 and was never notarized or funded. (exhibit 3). There is no such thing as a miscellaneous Lien in this case under property code 70. (exhibit 28)The notes refer to themselves as REAL ESTATE LOAN DOCUMENTS (in exhibit 3 &4) and that Mark Savage **LENDER** loaned $240,000 on August 22, 2014 to BORROWER, Colette Savage. The court denied Mark had a fiduciary duty to Colette to loan. (exhibit 16 pg 13) The Acknowledgement sent as an attachment (exhibit 3) states that there would be a closing for such loan to occur and that fiduciaries Mark and McDonald would discuss and invite Colette to any meetings where the notes were discussed and where the transaction was completed. This never occurred. That failure constitutes grand theft and in the alternative illegal liening. The notes were voided days after signing if those obligations by Mark were not met and they were not! ( (Liening never occurred. See exhibit 5). Mark defaulted on his own loan scheme. No such document, called a Real Estate Lien Note was ever filed with Secretary of State a requirement of all Liens and lending. Texas Rule of Civil Procedure 106. There was never a citation or service from Secretary of State on any lending. Service of certificate of service from the secretary of state Sec. 113.101. APPLICABILITY OF LIEN BEFORE FILING. Subject matter remains exhibit 3 and the Deed of Trust. Exhibit A-D Kent Grahams affidavit. The Real Estate Lien Note does not comply as a legally filed Lien nor loan therefore it is voided by incomplete action by Mark Savage fiduciary.. There is

absolutely no bar code on this Lien ever recorded. It is a charade.   Acknowledgment voids the notes and the judgments that follow. There is no disclosure of the theft of the properties at that time. Colette could not default at the same time Mark offered the loan. Colette never defaulted on a Theft that occurred, a theft without disclosure of the taking. Prior to the submission of a default  a plaintiff must give proof of service upon the SECRETARY OF STATE and forwarding of process by the secretary to the defaulting defendant. A certificate affirming these facts may be obtained from the SECRETARY OF STATE. That filing never happened.    See Kent Graham affidavit. Practitioners should keep in mind that proof of service is jurisdictional and cannot be cured at a later post-judgment hearing. . Therefore judgment is impossible by both Texas courts. Prine v. American Hydrocarbons, Inc., 519 S.W.2d 520, 522 (Tex. Civ. App.-Auston 1975, no writ). In Prine the court stated: "If the trial court did not have jurisdiction over the person of [the defendant] at the time of the entry of the default judgment, jurisdiction could not then be created upon the basis of proof of service that was introduced after the entry of judgment being attacked." Id But see 47 AM. JUR. 2D Judgments § 1174, at 198 (1969).  The courts have established strict rules for testing the validity of citations to insure that a defendant receives proper notice of any proceedings commenced against him. And we know that never occurred in Hillsboro Texas Judge Lee Harris and Judge Alan Mayfield.

We prove California  probate debt is a noncontractual fraud advanced by the Texas court on behalf of two fiduciaries acting in illegal possession, when there is no legitimacy for such an assertion nor deb, nor authentication ever could or did occur by the court.  The court had no subject matter jurisdiction over Colette in a probate claim Mark made. She is therefore not a party in the loan scheme either if the court refuses to recognize the loan scheme.  Presumption by the court is void by non disclosures. There is no LOAN ESTIMATE for any probate attorney's fees offered to Colette under Exhibit 24  12 CFR1026.37 LOAN ESTIMATE nor did Colette sign any agreement with Mark's probate attorneys to represent her, nor did she sign a waiver for such representation. They lack personal subject matter over Colette in any California probate case. The Texas court

therefore knows this an obvious scheme. Mark's California probate attorneys fees added up to $120,000 so where did Mark obtain the other amounts since the expenses were paid in California probate and denied. There is no proven debt! Colette did not owe Mark one dollar. Not one! Both Texas courts never proved Colette owed Mark his California probate fees nor could McDonald sur charge her $70,000 to collect those fees. Both Texas courts should owe Colette Savage and Kent Graham restitution for illegal frauds, swindles and misstatements of facts in both their judgments and their courts. Sec. 156.305 RESTITUTION. The court had to investigate the felonies not further the felony frauds nor fabricate another fraud to cover up the original fraud. The Acknowledgement (exhibit 3) bars all the documents as well as the judgment. Legal Security does not exist. This is not an appeal but an enjoinder to prevent crimes that occurred in court and thereafter when other dominoes fell. And to help others who most probably face the manifest injustice Colette Savage and Kent Graham had.

There was no evidence produced that the loan was completed nor transfer documents to Colette's bank.  There is no substantiating evidence therefore the claim Mark made of getting paid to protect his sister in California is a baseless allegation under his attorney's fees motion presented again in Texas. Mark's perjury is based on unsubstantiated evidence is inadmissible by the 66th court under his own loan documents. (RESCISSION AND CANCELLATION under exhibit 19,20) There is no jurisdiction in a Texas court to relitigate a California settled unsecured probate third party claims on loan documents that never loan.  Mark offered a baseless Real Estate Lien Note as a California probate attorney's $120,000 fee motion after he lost in California to Colette and his Mother's Trust. (exhibit 11,12, 13, 14).  That is a door the Texas court re-opened under counterfeit $240,000 loan documents.  Therefore, we prove the Real Estate Lien Note was never used as a lien only a prop to switch and swindle violating dozens of statutes presented to the Texas trial court under Lee Harris but never heard. The Texas trial court could never entertain a baseless Real Estate Lien as substantial when it never liened or had power and authority to lien and they certainly implant themselves in the fraud when they retitle the

EMERGENCY WRIT  ENJOINER ON VOID JUDGMENT

note to assist in furthering the crime.. No bar code/ no lien. See exhibit 5. Exhibit A,B,C, D. It was used simply to stage extortion for Mark's personal third party debts by Judge Lee Harris. Any alternative "theory" is failed standard of review and a fraud to Texas Secretary of State. *Moore,* 405 F.3d at 1211 (citing *Crawford v. Comm'r of Soc. Sec.,* 363 F.3d 1155, 1158-59 (11th Cir. 2004)). Chapter 157 (Mortgage Bankers and Residential Mortgage Loan Originators) We prove the court is involved in several familial treasonous acts against Colette Savage, Kent Graham, her children, and the Beatrice Savage and William B Savage California Trust. That caused incredible irreparable harm to her family.

**TAKE JUDICIAL NOTICE: This is not an appeal from an old case but evidence of a new crime not heard in any court or resolved in any court.**

## WE PROVE COUNTERFEIT SECURITIES USED TO OBTAIN A COUNTERFEIT JUDGMENT

### REFUSAL TO AUTHENTICATE

1. The Texas 66th court and 10th COURT OF APPEAL acquired no evidence in any opinion or judgment, documentation, authentication and verification that Mark Savage, Fiduciary nor Michael McDonald Trustee were the legal and monetary **"owner and holder"** of any **valid** September 5, 2014 $240,000 **Deed of Trust**. (exhibit 4). The entire document presentation is illegitimate/ fraudulent and falls under False Claims Act. (exhibit 4) 31 U.S. Code § 3729 (exhibit 3) Any properties transferred to Mark nor McDonald can be considered legal. The original transfer should be stricken as illegal by the federal court.

2. Legal due process is dictated by contract law, TRCP, FDRCP and statute. The alleged "agreement" between the parties is a mutual obligation from Lender to Borrower which failed and is not enforceable by law. This means any transfers were illegal and

EMERGENCY WRIT  ENJOINER ON VOID JUDGMENT

judgments from those illegal transfers are void. The subject matter remains the Deed of Trust signed September 5, 2014 exhibit 4. Illegal due process intentionally took place through the Texas courts knowingly, under Judge Lee Harris prior to foreclosure and thereafter on Deed of Trust exhibit 4..(exhibit 1,2,3,4) violating discovery rules under TRCP 170, (We prove beyond a reasonable doubt damages of 14th amendment equal protection under the law by illegal court processes under two Texas courts). Due process is put on trial in this case..

3. If the process under Texas Rules of Civil Procedure is illegal nothing legal proceeds from it including the Deed of Trust nor the judgment. Colette Savage was never a real party in interest if Mark failed to deliver his $240,000 loan. 12 U.S. Code § 2605: In re Hwang, 396B.R. 757, 766-67 (Bankr. C.D. Cal. 2008). We ask the federal court strike down the judgments as void judgments; for failure for the trial court to allow pretrial discovery.

4. Mark Savage, Colette's FIDUCIARY and McDonald Trustee completed a felony crime by filing and recording illegal Deed of Trust in Hill County Recorder's office prior to the condition precedent of the $240,000 loan requirement on September 5, 2014 the first time. (exhibit 3) That constitutes forgery, alteration against a senior and criminal transfers that occurred. (The 52939 case falls under California Choice of Law exhibit 1 Promissory Note second page by drafter) Penal Code 470 PC-FALSIFYING A RECORD #3, 4. Exhibit 1,2,3,4. /18 U.S. CODE § 471 -OBLIGATIONS OR SECURITIES OF UNITED STATES & 18 US CODE §514. FICTITIOUS OBLIGATIONS. The court involves themselves in the fraud scheme from allowing, aiding and abetting Mark and McDonald to do so again after settling the scheme at the staged foreclosure sale with a new Deed of Trust.(exhibit 8) The Harris defense in the void judgment became the anatomy of the crime. The court's judgment is the unlawful testimony of the original trial courts illegal process.

5. The process of determining whether the document was a forgery or a theft was ignored in the trial court and Appellate court District 10 under Justice Gray and Rex Harris. By law the court knowingly used an illegal process of concealment and

suppression of the incomplete and defective loan documents and suppressed the plaintiff's causes of action as well as all of her evidence. Brady v Maryland. The court then enforced an unenforceable non-binding fraudulent loan documents that could not be separated nor could settlements be ignored even through illegal conversion (exhibit 1,2,3,4,5)

6. The Hill County Recorder's office has a recording of the completed grand theft crime causing irreparable damages to plaintiff Colette Savage properties and the town of Hubbard Texas by lowering property values forcing her to lose her home. (exhibit 4) The court knew Mark recorded a loan on September 5, 2014 with the RECORDER'S office. They also knew Mark failed to notify Colette of that recording forcing her to lose sales and lose her home. The court never reported Mark's second felony to law enforcement after he repeated the crime. This non reporting constitutes Misprision of Felonies. 18 U.S. CODE § 4 - MISPRISION OF FELONY

7. This implicates the court in the scheme. (exhibit 4 see bar code) We ask that the illegal foreclosure be stricken. Mark never proved damages because they do not exist because his loan failed.

8. A legal investigation never did occur by the 66th court/ Appellate court district 10 nor a referral to law enforcement for the first criminal act. We prove illegal due process by refusing to process plaintiff's fraud claims and investigate the theft against a senior. The court therefore engaged in the fraud scheme by arbitrary property seizures knowing the **properties could never legally be transferred into Trustee** McDonald's name nor Mark's name since a security was never obtained on the notes. See Deed of Trust where Mark is termed a LENDER (14 times) Legal due process did not occur addressing TILA Rescission to stop the illegal transfer and this had to occur when Mark filed foreclosure. These are issues of fact. This identifies a court acting in illegal jurisdiction and without oversight knowingly. We ask the federal court uphold FEDERAL RESCISSION pled at the onset. We ask this court to strike the judgments due to numerous court failings and falsified presentment. We ask the court to strike the Deed of Trust since there is no $240,000 principle sum loan to suppor

EMERGENCY WRIT ENJOINER ON VOID JUDGMENT

that Deed of Trust. Colette never enacted or invited jurisdiction. Jurisdiction was embezzled. She rescinded Mark's scheme as an equitable remedy immediately when she was served foreclosure notice.  Mark could not foreclose on properties he never legally secured. (exhibit 19, 20) (Exhibit 28 list of frauds)

9.  A forensic note/ security specialist was never called to the 66th District Court Hillsboro.   18 U.S. CODE § 1002. POSSESSION OF FALSE PAPERS TO DEFRAUD UNITED STATES  (proven by the illegal status  filing of six properties in the Hill County Recorders Office, 66th Court under forgery)  Colette had the right to a jury trial on unliquidated damages caused by Mark and was denied.  White Motor Co. v. Loden, 373 S.W.2d 863, 865-66 (Tex. Civ. App.-Dallas 1963, no writ); Western Union Tel. Co. v. Skinner, 128 S.W. 715, 716 (Tex. Civ. App. 1910, writ ref d); see Bumpass v. Morrison, 70 Tex. 756, 759, 8 S.W. 596, 597-98 (1888); TEX. CONST. art. I, § 15. Mark's extrinsic evidence (secret intent) is testimony of a crime. The defense becomes evidence of the crime. A contract in writing may not be altered by an executory oral agreement. (Civ. Code, § 1698.) The transaction falls under California choice of law.( see exhibit 1pge 2) To hold otherwise would reduce a trust deed in any case to an unsubstantial if not worthless security." (*Stafford* v. *Clinard,* 87 Cal. App.2d 480, 481 [197 P.2d 84]*,* hg. den.)

10. Illegal judgments occurred on the same document fraud by two courts acting" an absence of juristic reasoning for the enrichment of Mark Savage and his agents using incomplete defective counterfeit documents to transfer properties to themselves." The *intent* of all counterfeit documents was to make illegal transfers at all times. ((exhibit 1,2,3,4) Mark did not even have to itemize any of his damages.  There never was a bill submitted to any court.  Consequently, the plaintiff  is entitled to a stenographic record or authentication of the defendants evidence,  upon proper request, a complete statement of facts in question and answer form however all discovery was denied even after another case was filed under BILL IN REVIEW. There was never a schedule set for trial. All due process was denied in Texas for Colette however, not for Mark and McDonald. Mark could obtain whatever he chose

EMERGENCY WRIT  ENJOINER ON VOID JUDGMENT

and had the court schedule for himself. Mark and McDonald's meritless and frivolous claim is admissions of the crime.

11. Mark never obtained an attorney for Colette knowing she was insolvent at the time he induced her signature and she was ill. He used her position of weakness against her to manipulate multiple transfers against herself without her knowledge, without mandated disclosures and notice and without the $240,000 loan required under the documents . US MAIL FRAUD. 18 U.S. Code § 1341 & 18 U.S. CODE § 1324C. PENALTIES FOR DOCUMENT FRAUD. The defective counterfeit loan documents were obtained illegally under duress and inducement.

12. Liability nor "value received" exists on a contracted and undisclosed fraud. No one has capacity to sign for undisclosed terms or could any properties be transferred for undisclosed terms. "*This obligation to disclose and **this withholding of a material fact establish the requisite element of causation in fact*".* in <u>Dingler v. TJ Raney & Sons, Inc., 1989</u>.

13. "Value Received" is attached to "Conditions Precedent" of Mark's "**performance and delivery** of the $240,000 principal loan" that must occur first for value received to be effective. Value Received is a fraud and fails, therefore, Condition fails by the PROMISOR'S LOAN DRAFT, Mark Savage and agents. The documents sent by US Mail are void by fraud and fraudulent inducement, claims never litigated, therefore, were admitted to by Mark. Silence is admission. Fraud by Mark and his agents were never refuted under TRCP and FRCP by Mark in the Harris court therefore we assert the fact the amended petition was never answered as admission of the causes of action asserted. Since Mark never answered the fraud charges, statute of frauds, the evidence becomes incontrovertible against him. Not one document could be used in any illegal transfers. A different fraud scheme is not a substitute or a defense for answering fraud charges. Mark has admitted to everything even the third amended petition he never intentionally answered prior to presenting his illegal summary judgment motion. All of Colette's causes of actions should be upheld since they were

EMERGENCY WRIT ENJOINER ON VOID JUDGMENT

never litigated in the Texas courts and never countered. Colette never waived her rights to causes of actions or statement of facts.

14. All documents constitute counterfeit loan documents. Mark lacked subject matter in his own loan documents when he voided his own loan. 37.004. SUBJECT MATTER OF RELIEF. Mark lost ALL lender rights.

15. Value received on perjured testimony and trickery is not an adequate defense for the primary theft and reoccurring grand larceny on properties after foreclosure settlement and violates principles of public policy. Value Received could not occur when it's action occurs concurrently with an undisclosed default. That establishes fraud the first time in 52939, the fraud the second time and all subsequent frauds thereafter in filing sister state judgments proving the counterfeit was interstate.

16. The Texas courts never **identified nor could offer** any admissible "evidence" in any opinion, proceeding or "judgment" of any legal documentation for a monetary transfer, document or exchange of $240,000 principal cash sum loan promised to Colette Savage from PROMISOR Mark Savage and "Mortgage Loan Servicer", Michael McDonald which was never delivered. (exhibit 1,2,3,4)

*17.* There is no legal effect of "value received" on failed loan documents and failed consideration mandated under the **loan offer** (exhibit 1,2,3,4) (see specific merger clause exhibit 2&4 referring to the loan documents)Ruling Court Case. Small Vs. Clewley, Volume 62 Maine Reports, 1915 Page 155. *Consideration cannot be presumed nor reconstructed.*

18. The court is well aware there is no "value received" on voided documents **defaulted** by the true PROMISOR, Mark Savage on a mere offer nor did Mark and agents have legal authority or permission under the Texas constitution or Federal constitution to transfer any of his principle's properties based on illegal fraudulent mortgage lender application/offer without proper disclosures into their names to hold as collateral for illegal payoffs. The court never accepted or heard Colette's statement of facts due to the fact they simply ignored them.

EMERGENCY WRIT ENJOINER ON VOID JUDGMENT

19. Exhibit 25 **NOTICE CONCERNING EXTENSIONS OF CREDIT DEFINED BY SECTION 50(a)(6), ARTICLE XVI, TEXAS CONSTITUTiON MISSING DISCLOSURE:**

20. There is no acceptance of the consideration ($240,000 loan) if it never occurred was never delivered under the precondition of the notes by LENDER, Mark Savage. Then they took repossession after the "settlement promised" after the Trustee Sale (that satisfies the debt) ignoring the NEW DEED OF TRUST (exhibit 8,9) Settlements are settlements and not payments. The COA knows this. (Exhibit 16 page 17) Mark and the court ignored each and every settlement and there were several.

21. This proves both Mark and McDonald illegally took possession, then repossession and did it without notice, without proper disclosures anċ standard forms the first time and second time again in court promoted thefts. SEC. 156.105 STANDARD FORMS. There are no RESPA DISCLOSURES such, closing date, as the required cost and estimate of the loan 12 CFR 1026.37, Schedule of the loan payments, payment due dates. (exhibit 23-27)There is no explanation as to whether this is a balloon payment loan and if so there are other disclosures required to be signed by both parties. Where closing and escrow would take place is not disclosed. RESPA 128 A 1 Mark and Trustee McDonald do not meet the requirements of TILA and RESPA DISCLOSURES.

22. Fiduciary Mark diminished the value of all of Colette's properties forcing her into suit against him, her fiduciary, diminishing the value of her properties through theft. FDCPA and does not occur on theft. Theft was the real conditions precedent and that becomes irrefutable. Conditions precedent failure voids value received under exhibit 2,3,4 testify to conditions precedent failure. Mark did nuċ disclose to the Texas courts he extinguished promissory notes prior to litigation in Texas. But Colette did several times. FRCP 60 B (4) circumstances under which a judgment is void; None of these documents meet the requirements under Office of Management and Budget (OMB) under the provisions of 44 U.S.C. 3501 *et seq.* and have been assigned OMB No. 3170-0015 (Truth in Lending).

23. Grand theft does not align with "value received", meeting of the minds, conditions precedent or equal bargain. 1805.    THEFT BY TRICK (PEN. CODE, § 484

EMERGENCY WRIT ENJOINER ON VOID JUDGMENT

California) 1. The defendant obtained property that (he/she) knew was owned by someone else;

24. "The Promise" by Mark could not be exchanged, replaced nor amended during litigation and therefore exhibit 1,2,3,4 had no legal effec⁺ and are voided by Mark's refusal to perform his own contractual promise. His third party defense fails. Mark filed a perjured claim *without one cause of action which constitutes failure to state a claim upon which relief may be granted*. This prohibits his claim. His claim must be stricken. It left the failure of the promisor, Mark Savage, owing and undelivered. Mark had no legitimate claim under legal rights to file a claim. There are no further **disclosures** to transfer illegal collateral under TILA to another counterfeit claim during the course of court business. 1026.40 Mortgage loans. This is another standard of review and due diligence that fails under obligations of the court. This could only identify Colette's claim was not only plausible but evidentiary. Plaintiff did prove a set of facts in support of her claim to defend against illegal foreclosure which would entitle her to relief and or Rescission. Mark's contract performance was still due and payable at the foreclosure. This proves non ⁻eview by the Harris court and further courts.

25. Mark extinguished his promissory note scheme two weeks prior to bringing a fraudulent defense claim in Texas under oath in a California probate court of law when Colette discovered Mark was contemplating collecting her inheritance using illegal fraudulent notes just two weeks earlier. San Mateo Probate Case 124417 PRO 125167 (exhibit 11,12,13,14) Mark settled the claim in California. (exhibit 17) This is not a question of fact but a legal settlement intentionally ignored by the trial court and the Appellate court 10 purposefully in a manifest injustice. Brady v Maryland.

26. There is no legal effect of the failed loan document offer and illegal Deed of Trust under exhibit 1,2,3,4.. Sections 112, 113, 130, 131, and 134 contain provisions relating to liability for failure to comply with the requirements of the Truth in Lending Act and the regulation. Section 1204(c) of title XII of the Competitive Equality

EMERGENCY WRIT ENJOINER ON VOID JUDGMENT

Banking Act of 1987 prove violated. . *Small Vs. Clewley, Volume 62 Maine Reports, 1915 Page 155"*

27. Disclosures for alternative consideration does not exist under any loan documents. Mark introduced a third party in his claim, the California Trust without actually naming them as a party. The California Trust is not the subject matter of the illegal-defective Deed of Trust. That assures the finder of fact that both Texas courts broke Federal Securities laws, contract law, FDCPA statutes, numerous DTPA statutes , UCC SECRETARY OF STATE FORMS under the judgments ( (exhibit 15,16)Exhibit 2,3,4 nor substitutions of other irregularities could be offered to defend a counterfeit Deed of Trust. The court illegally construed, reconstructed and illegally replaced consideration that does not exist under the loan offer and Deed of Trust by introducing a Third Party on behalf of Mark without serving that party nor addressing that party as out of jurisdiction. There is no claim for Mark's third party consideration. (which is his California Attorneys and the California Trust) Colette cannot be a party to that illegal claim. Nor does contract law to grant multiple illegal substitutes. We have evidence the 66 court and Appellate court are engaged in Probate transfers, evidence tampering, altering, retitling, amending terms under the document 2,3,4 and asserting a new offer when the alleged obligation by Mark did not meet the legal meaning of contract law, securities law or TILA statutes. Evidence code title 18 1512 WITNESS AND EVIDENCE TAMPERING by a court of law. The Texas judgments are unlawful. A Texas Note was never legally offered nor signed and does not exist and certainly cannot exist as a California probate loan package. The court may not offer a Texas Note when exhibit 1,2 ³,4 are not titled a Texas Note. There is no Deed of Trust called a Texas Note. The Texas court is defrauding a California Trust. That is not error this plaintiff invited. That is a court fraud. The court could not sign for value received on behalf of Colette without embedding themselves in a probate scheme to breach a California Trust. She did not invite any court scheme. A Texas Note is not collectable since it never occurred nor exists nor was it constructed. See exhibit 15. Rescission over-rules the Appellate scheme of

EMERGENCY WRIT ENJOINER ON VOID JUDGMENT

producing a counterfeit Texas Note that represents a California Family Trust. There is no authentication on a Texas Note. **Nor does a Texas represent a family Trust.** Truth in Lending Act (15 U.S.C. 1601 *et seq.*).FDCPA 1562. The California court could not rule on a Texas note since a Texas note did not exist in any reality and was used as a bifurcation fraud scheme to throw the case and fix the case against California. **A Texas note is not the subject of any litigation. A probate note is not the subject of any documents exhibit 2,3,4.**

28. The court could never prove Colette was *knowledgeable* about the oral swindle of a "replacement" note fraud scheme, or the signing of such a scheme since it remained undisclosed until just weeks prior to litigation, (conflict of interest by Fiduciary Mark Savage and agent) then fabricated further by the court during litigation without permission from signor. This proves the court engages in the conversion, illegal substitution and fabrication of document probate fraud. That evidences the court refused to authenticate the notes ( exhibit 1,2,3,4) for unlawful purposes. These are direct violations of statutes under TILA, FDCP, DTPA, RESCISSION and identifies illegal and criminal process and intent by the Texas courts. Texas Penal Code Sec. 37.09. TAMPERING WITH OR FABRICATING PHYSICAL EVIDENCE. Suppression of Rescission filed December 22, 2014. Regulation Z. The court could not cover up the fact Mark could not authenticate the documents. (exhibit 1,2,3,4) Nor did the court ever authenticate the documents.

29. The documents are still void for counterfeit fraud and counterfeit transfers. **18 U.S. Code § 2314 "**Whoever, having devised or intending to devise any scheme or artifice to defraud." In this case whoever also includes a Texas court of law. The Texas court could not give away Trust properties under the Deed of Trust. (Exhibit 4 then 8)

30. There is no value received for illegal court services.

31. **Consummation** means the time that a consumer becomes contractually obligated on a credit transaction. That never occurs for either scheme. Regulation Z **§ 1026.2(a)(13). There is no contractual obligation.** Bureau of Consumer Financial Protection. The transaction was never consummated.

27

EMERGENCY WRIT  ENJOINER ON VOID JUDGMENT

32. Colette is not the party of interest in any "new" converted scheme perpetrated by the court or the old scheme using the same artifice represent fraud by the Texas courts. The promissory notes extinguishes the alleged transaction and securities multiple times. The securities do not remain. You cancel the promise – you cancel the remaining notes. The securities do not remain nor can be retitled. It does not mean the other notes stay in effect when they were unlawful counterfeits to begin with. Mark could never secure TRUST property in any note. The 66th court and the 10th court is covering up Mark's embezzling from the Trust.

## THE COURT COULD NOT OFFER ANY NEW CONTRACT

33. The absence or concealment of statement of facts is normally sufficient for the granting of a new trial. Smith v. Sun-Belt Aviation, Ltd., 625 S.W.2d 22 (Tex. App.-San Antonio 1981, writ dism'd). Any substitute that changes from pleading to pleading by Mark or the court from judgment to judgment is inadmissible.

34. Liability does not exist on concealed and undisclosed replaced oral ALLEGED contract terms, Mark's third party claims which are denied by Mark's own merger clause which is a substantial clause under his own draft. Oral testimony is void. The court knows this! Concealing undisclosed "terms", ambiguous terms, consists of *legal trickery* by a court whom becomes the new drafter. Laws of transparency and contract law bars *legal trickery* under contract design by the contractor/ drafter, Michael McDonald Trustee, Fiduciary Mark Savage and the Texas courts. Mark is not a legitimate creditor nor does he have a credit interest in any of Colette's properties and neither does the Texas courts nor do any of these parties have interest in CALIFORNIA TRUST PROPERTY.

> *Most people are familiar with the legal rule that requires interpreting the contract against the drafter. Generally speaking, when applied this rule requires that any ambiguity or other contract terms which are subject to multiple reasonable interpretations will be given the interpretation which works against the party who drafted the document.* Klapp v. United Insurance Group Agency, Inc., *468 Mich. 459, 471; 663 N.W.2d 447 (2003).*

EMERGENCY WRIT ENJOINER ON VOID JUDGMENT

28

35. Those four documents cannot be bifurcated, altered, severed, nor tampered for a new contractual obligation without a new offer. Colette provided documentation for a new Deed of Trust that denied any rights to Mark.(exhibit 8) Rescission (exhibit 19,20). **12 CFR § 226.15 RIGHT OF RESCISSION. Take Judicial Notice:** § 1026.23 RIGHT OF RESCISSION UNDER REGULATION Z timely filed by Colette Savage December 22, 2014. All judgments prior to foreclosure were settled for the third time through extortion and after are all held void by fraud and RESCISSION FDCPA FRAUDS. Exhibit 8 new Deed of Trust voids the loan documents again. We ask the court strike all transfers and uphold Rescission. (exhibit 19, 20)

36. The repeated crime becomes Mark refusing to accept any and all settlements even by California Court orders. This means Mark is in receipt of multiple settlements on the same case. Mark is making another petition to the Trust through a Hill County Court without naming the real party of interest: The Trust.

37. See court judgments that never mention fraud claims nor evidence of those frauds. There is no reference to statement of facts by Plaintiff. (exhibit 15&16) The court buries the terms of the notes, FRAUDS, concealing Mark as Fiduciary and Trustee, and conceals illegal terms asserted. **Never litigating Cause of Actions means jurisdiction was limited to one party; Mark. See Interrogatories/ Admissions.** (COA OPINION neglects to mention fraud exhibit 16 or even the $240,000 loan by lender)

38. § 1026.2(a)(22). **(25) Security interest** means an interest in property that secures performance of a consumer credit obligation and that is recognized by State or Federal law.

39. Unknown liability is not legally accepted and therefore the undisclosed intent of the contractor becomes the fraud for fraudulent inducement. Defendant could not prove any set of facts in support of his claim which would entitle him to relief but we do show a set of facts that identify intent in premeditating of fraud and fraud in the court. Mark is not allowed to trick any plaintiff nor a court. What can garner that inference

EMERGENCY WRIT ENJOINER ON VOID JUDGMENT

is the intent from the facts and the intent from the court. Constitutional violations under 1rst,5[th], 7th,14[th] amendment are damages with the direct causation by the 66th court and the appellate court. The jury trial requested was subverted by illegal judgments. *Under both the Fifth and Fourteenth Amendments to the U.S. Constitution, neither the federal government nor state governments may deprive any person "of life, liberty, or property without due process of law." A similar due process provision was found in the Magna Charta, as well as early state constitutions and common law. (*There was no loan closing as promised under Exhibit 3, which voids the entire ordeal and constitutes promissory fraud Colette pled at the initial injunction.) **An unexpressed contract is a failure to contract.**

**18 U.S. CODE § 1956. LAUNDERING OF MONETARY INSTRUMENTS** (a) (1) Whoever, knowing that the property involved in a financial transaction represents the proceeds of some form of unlawful activity, conducts or attempts to conduct such a financial transaction which in fact involves the proceeds of specified unlawful activity— (A) (i) with the intent to promote the carrying on of specified unlawful a…ivity; **Rooker- Feldman refers to the six California probate orders many of which occurred in 2014 and 2015 prior to any Texas litigation.  Those orders prove fraud upon and in the court.**

40. This identifies a pattern of unequal protection and deceit by the 66th court and the Appellate court under Justice Thomas Gray. We prove statutory due process was deprived and procedural due process for multiple illegal transfers.

41. There is no meeting of the mind for an unfunded liability presented by a court of law. The sale to Vijay Mehta on 905 N 11th street  must cease at this time and we discover another administrative error by the Hill County Court. The transfer is not legal using loan documents that revert back to a loan that never loaned. Nor could the transfer occur since Colette no longer owned the property.   All properties stolen as well as Colette Trust bank accounts must be reverted back to Colette Savage.  We ask the court reverse and strike the sale to Vejay Mehta. Vejay Mehta must revert any allegations they own 905 N 11th street back to Kent Graham. They are knowingly buying illegal stolen properties. They have been forewarned. Kent Graham has a Les

EMERGENCY WRIT  ENJOINER ON VOID JUDGMENT

Pendens on the property filed prior to sale therefore the title was never clear to transfer. We prove another alleged illegal transfer.

42. FELONIES are uncollectable. The court cannot convert a criminal act into a legal act without involving themselves as fiduciaries in the artifice  fraud scheme. (Texas Note does not exist therefore none of Colette's properties were transferrable) Colette never made payment to any Texas Notes. Colette never consented to making payments on any Texas Note.  There can not be repossession on settled notes or on settlements. The court has several recordings on several settlements of the same scheme. Corruption  in the courts is a problem and undermines public confidence.

## PRAYER AND CONCLUSION

43. We ask that Mark's probate attorneys fees motion is stricken in the state of Texas since it was resolved in California. And the illegal orders to rescind California probate orders already litigated by Mark and Colette should be stricken in Texas. The Texas note was to prejudice California from resolving the issue again.  We ask that the court deny any and all interest charges on  loan documents be stricken since a loan never occurred. We ask the Federal court to strike multiple Deed of Trusts in this case that had no power to transfer title nor consideration.  We ask that Rescission be upheld on all documents exhibit 1,2,3,4 and the second rescission be binding on exhibit 6,7,8,9.. We ask that the liens that were transferred out of state to California one day after the Judgment occurred be stricken for fraud. We ask that the federal court enjoin against the Texas state court and halt that incursion to interfere Colette's expectation of her inheritance and property ownership in both states.

44.  Mark cannot profit from several felony crimes including  premeditated extortion, entrapment and coercion on a gift fraud scheme, probate scheme, interstate counterfeit scheme and or alleged mortgage loan scheme. As it is usually stated in the common law, "One shall not unjustly profit at the expense of another.". Take judicial Notice: Mark filed a Deed of Trust in Hill County Recorders office under loan offer. Therefore he cannot stipulate to any other condition. There is no legal hidden consideration or alternative consideration under his own merger clause from the

EMERGENCY WRIT  ENJOINER ON VOID JUDGMENT

31

promisor that was recorded in Hill County on September 5, 2014 then sold for
$10,001 in a new Deed of Trust extorted on January 7, 2016 to settle the matter.
These are felony criminal acts by Colette's fiduciaries.

45. Rescission is the guiding law and superior law concealed by the Appellate court 10
under Justice Gray intentionally. (Page 17 exhibit 16)  The courts knew that Mark and
McDonald fail in all their disclosure requirements under their unconscionable one
sided contract. *Judgment is a void judgment if court that rendered judgment lacked
jurisdiction of the subject matter, or of the parties, or acted in a manner inconsistent
with due process, Fed. Rules Civ. Proc., Rule 60(b)(4), 28 U.S.C.A., U.S.C.A. Const.
Amend. 5 —Klugh v. U.S., 620 F.Supp. 892 (D.S.C. 1985). 12 U.S. Code § 2605:*

46. *"In nonjury trials the defaulting defendant is generally entitled to a record of the trial
judge's findings of fact and conclusions of law, in addition to the stenographic
record" In Calhoun v. Calhoun,* Colette asked and was denied and not only was she
denied Judge Mayfield became almost violent that she even requested Findings of
Facts.

> "Failure to apply the correct legal standard is grounds for reversal." *Townley*, 748 F. 2d at
> 112. Id. at 435-6 In *Miller v. Commissioner of Social Sec.* 540 F. Supp. 2d 433
> (W.D.N.Y.2008)
>
> There is no presumption that the Commissioner followed the appropriate legal standards in
> deciding a claim for benefits, or that the legal conclusions reached were valid. *Miles v. Chater,* 84
> F.3d 1397, 1400 (11th Cir. 1996); *Lewis v. Barnhart,* 285 F.3d 1329, 1330 (11th Cir. 2002).
>
> General void judgments may be collaterally attacked. (See, e.g., Rest., Judgments, § 45, coms. e.,
> f.) Section 178 empowers a judicial officer to punish for contempt. (5) Although viewed at
> common law as an inherent power of the court, it has long been held in this state that the power to
> punish for contempt is circumscribed by statute. (*H.J. Heinz Co.* v. *Superior Court* (1954) 42
> Cal.2d 164, 174 [266 P.2d 5], citing *Galland* v. *Galland* (1872) 44 Cal. 475, 478

We ask this court to enjoin us to claw back all of Colette and Kent's assets seized
arbitrarily and obtain restitution.  A Party Affected by A VOID Judicial Action Need Not

EMERGENCY WRIT  ENJOINER ON VOID JUDGMENT

APPEAL. State ex rel. Latty, 907 S.W.2d at 486. It is entitled to no respect whatsoever because it does not affect, impair, or create legal rights." It is a void. It becomes an illusion of a judgment. Ex parte Spaulding, 687 S.W.2d at 745 (Teague, J.,concurring). Every theory the court introduces to cover up grand theft from court to court is documented. Not one document under exhibit 1,2,3,4 is authenticated by a security specialist. We prove this area of Texas law has embedded local fraud in the courts and wish a transfer of venue to Austin. Baylor is the binding nexus (all justices and defense attorneys graduated from or act, connected to Baylor. See web site Mission Statement). All of defendants attorneys were in conflict of interest finding in sympathy of each other. Therefore, identifies prejudice and bias toward the outsider pro se. The court did not have a theory why they were transferring Colette's wealth to Mark. I believe the 66th and the 10 th acted as a corporate cult in this locale of rural Texas. This court instituted retaliation of a method to break the petitioner Colette Savage will to further litigate and deprived her of her property to proceed in disclosing court frauds and constitutional frauds. Both Courts knew there was never a contract therefore we ask the federal court to enjoin against the Hill County court and 10th Court of Appeal.


**We ask the federal court to enjoin in the suit against Texas courts, Vejay Mehta, Mark Savage and his attorneys ( every Trustee of Mark Savage) and refrain, grant a stay, and claw back all illegal forfeitures by the state of Texas due to unconstitutional "takings" (fourth amendment) misconduct by the Texas courts and void judgment. We ask it occur on the illegal sale that ﾞ st occurred under fraudulent principles at 905 N 11th street Temple, Texas, 76501. We show an illegal title was transferred by Mark Savage when Mark Savage did not own the property and did not have a lien on the property, when Kent Graham owned the property. We also identify a fraudulent lease violation with Kent Graham by Vejay Metah. Vejay Mehta, who never showed proof of clear title since a Les Pendens occurs on the property, another attempted extortion. There is no legal title change. And in**

33

EMERGENCY WRIT ENJOINER ON VOID JUDGMENT

fact, it appears the title changes transfer from Mehta into a corporation, another illegal recording.   Vejay Mehta filed fraudulent eviction against Kent Graham owner of the property. Kent Graham never obtained any legal documents from Mark Savage nor the court of any legal changes to Title or transfers. Under UCC this must occur. No notice. No transfer.

The oppression and obstacle of Colette and Kent's first amendment rights are undisputable and damaging to all pro se litigant's rights and seniors rights regarding disreputable fiduciaries. Kent suffered a series of stokes and was hospitalized for three days when a constable served him eviction notice on his own home.

A failure to return Colette's properties at the injunction after legal RESCISSION was filed, evidences a theft committed enjoined   and involved by all Texas courts and subsequent courts thereafter relying on Judge Harris fraudulent void judgment with a document that was never signed by Colette Savage. The Texas court knew there was no lawful exchange for those properties. The status quo must change and cannot rely on abuse of position and title nor immoralities.

I declare under penalty of perjury the foregoing is true and correct, -

*[signature]* Feb 2. 2021

*[signature]* Feb 3, 2021

Subscribed and sworn to before me this 3rd
of February 20 21.

*[signature]*

Notary Public for Idaho
Residing at: Boise, Idaho
Comm Exp: 05/16/2025

*Kayla J. Sande*

Kayla J. Sande
Commission Number: 20190994
Notary Public
State of Idaho
My Commission Expires: 05-16-2025

EMERGENCY WRIT  ENJOINER ON VOID JUDGMENT

34