# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF TEXAS
## AUSTIN DIVISION

|  |  |  |
|---|---|---|
| **KENT GRAHAM and** | § | |
| **COLETTE SAVAGE,** | § | |
| *Plaintiffs* | § | |
|  | § | |
| **v.** | § | |
|  | § | **CASE NO. 1:21-CV-151-RP-SH** |
| **MARK SAVAGE, MICHAEL** | § | |
| **MCDONALD, VIJAY MEHTA, CHIEF** | § | |
| **JUSTICE THOMAS GRAY,** | § | |
| **JUSTICE REX DAVIS, and JUDGE** | § | |
| **LEE HARRIS,** | § | |
| *Defendants* | § | |

## REPORT AND RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE

**TO: THE HONORABLE ROBERT PITMAN**
**UNITED STATES DISTRICT JUDGE**

Before the Court are Judge Lee Harris's First Amended Motion to Dismiss (Dkt. 26); Chief Justice Thomas Gray's First Amended Motion to Dismiss (Dkt. 27); Defendant Michael McDonald's Motion to Dismiss (Dkt. 29); Defendant Rex Davis's First Amended Motion to Dismiss (Dkt. 33); Defendant Mark Savage's First Amended Motion to Dismiss (Dkt. 39); Defendant Mark Savage's Motion to Have Plaintiff Colette Savage Declared a Vexatious Litigant (Dkt. 41); Defendants Michael McDonald, Rex Davis, and Mark Savage's Motions for Judicial Notice (Dkts. 30, 34 & 40);[1] The Judicial Defendants' Motion to Stay Scheduling Conference and Discovery (Dkt. 46); Plaintiffs' Motion to Declare Defendants as True Vexatious Litigants

---

[1] In support of their Motions to Dismiss, Defendants McDonald, Davis, and Savage ask the Court to take judicial notice of various state and federal court orders and opinions referenced in Plaintiffs' pleadings and/or related to the subject matter of this lawsuit. District courts are permitted to take judicial notice of orders and rulings in prior state and federal court proceedings. *Davis v. Bayless*, 70 F.3d 367, 372 (5th Cir. 1995); *Cinel v. Connick*, 15 F.3d 1338, 1343 n.6 (5th Cir.1994). Accordingly, Defendants' Motions for Judicial Notice (Dkts. 30, 34 and 40) are **GRANTED** and the Court takes judicial notice of these orders and opinions referenced in Dkts. 30, 34 and 40.

(Dkt. 63); Plaintiffs' Motions for Extension of Time to File Response/Reply Briefs (Dkts. 53 & 66);[2] Plaintiffs' Motion to Amend Complaint (Dkt. 71); Plaintiffs' Motion to Offer Proof (Dkt. 74); and the parties' various response and reply briefs. On July 18, 2021, the District Court referred all pending and future motions in this case to the undersigned Magistrate Judge, pursuant to 28 U.S.C. § 636(b), Federal Rule of Civil Procedure 72, and Rule 1 of Appendix C of the Local Rules of the United States District Court for the Western District of Texas. Dkt. 43.

## I.    General Background

This lawsuit seeks to overturn Texas state court rulings regarding a family trust, a promissory note, a deed of trust, and the foreclosure of certain property in Hubbard, Texas.

### A. Facts

The Court relies on the factual summaries contained in the Texas Court of Appeals' opinion in *Savage v. Savage*, No. 10-17-00139-CV, 2018 WL 5290041, at *1 (Tex. App.—Waco Oct. 24, 2018, pet. denied); the opinion of the United States District Court for the Northern District of California in *Savage v. Savage*, No. 19-CV-07994-DMR, 2020 WL 2525079, at *2 (N.D. Cal. May 18, 2020), *aff'd.*, 2021 WL 3758347 (9th Cir. Aug. 25, 2021); and the California Court of Appeals' opinion in *Savage v. Savage*, No. A150984, 2018 WL 4959441 (Cal. Ct. App. Oct. 15, 2018). *See* n.1 *supra*.

In 1993, Texas residents William and Beatrice Savage established a family trust ("Trust") providing that their assets would pass to the Trust at the time of their deaths. William and Beatrice named their children, Mark Savage and Colette Savage, as beneficiaries of the Trust. *Savage*, 2018 WL 5290041, at *1. Mark was appointed as attorney-in-fact for Beatrice. *Id.*

---

[2] This matter is fully briefed, and the Court finds that additional briefing is unnecessary. Accordingly, the Court **DENIES** Plaintiffs' Motions for Extension of Time to File Response/Reply Briefs (Dkts. 53 & 66), and Plaintiffs' Motion to Offer Proof is **DENIED** (Dkt. 74). *See also* Local Rule CV-7(e)(2) ("The court need not wait for a reply brief before ruling on a motion.").

In February 2014, after William died, Beatrice began to experience serious health issues. *Id.* Mark traveled to California, where Beatrice was living, to take care of her and manage her affairs. Shortly thereafter, Mark and Colette's half-brother, Steven Sommer, filed a petition for appointment of a conservator over Beatrice and her estate in California probate court. *Savage*, 2018 WL 4959441, at *1. The California probate court appointed a professional fiduciary as conservator of Beatrice's estate and a professional fiduciary as successor trustee to replace Mark. Beatrice died in August 2014. *Id.*

In June 2014, in an attempt to repay Mark for defending the probate litigation on Mark and Colette's behalf, Colette signed two unsecured California $240,000 promissory notes in favor of Mark. *Savage*, 2018 WL 5290041, at *2.  On August 22, 2014, Colette signed in Mark's favor a third $240,000 promissory note, which was secured by a Deed of Trust on six tracts of land located in Hubbard, Texas (the "Texas Note"). *Id.* The Texas Note matured on January 1, 2015. In October 2015, Colette made two payments to Mark totaling $7,063, but still owed Mark a balance of $221,164 on the Texas Note. Colette did not make any further payments on the Texas Note. *Id.* Thereafter, Mark initiated foreclosure proceedings on three of the six properties Colette used as collateral for the Texas Note. The foreclosure was scheduled for January 5, 2016.

## B. Colette's Prior Lawsuits

A few days before the foreclosure was to take place, Colette, proceeding *pro se*, filed suit against Mark and his attorney, Michael McDonald, in Hill County District Court ("Texas State Court"), seeking to stop the foreclosure sale and alleging that the Texas Note and Deed of Trust were invalid.  *Savage v. Savage*, No. 52,939 (66th Dist. Ct., Hill County, Tex. Dec. 28, 2015) (Dkt. 30-1 at 3-15). In addition to seeking a preliminary injunction to stop the foreclosure, Colette asserted breach of contract, violations of the Texas Deceptive Trade Practices Act, and violations of various federal lending regulations. *Id.*

The Texas State Court ruled that the Texas Note and Deed of Trust were valid and enforceable and that all of Colette's claims were meritless. Dkt. 40 at 26-31. The court further ordered Colette to pay Mark $290,497.27 in total principal and interest on the Texas Note, $77,546.93 in attorneys' fees, and post-judgment interest. *Id.* at 29-30. On October 24, 2018, the Texas Court of Appeals affirmed the Texas State Court's judgment and findings. 2018 WL 5290041. Subsequently, The Texas Supreme Court denied Colette's petition for review and motion for rehearing of petition for review. Dkt. 40 at 62.

While Colette's first suit was still on appeal, she filed against Mark another lawsuit in state court entitled "Bill of Review," which attempted to challenge the trial court's rulings. *See Savage v. Savage*, No. CV-219-18-DC (66th Dist. Ct., Hill County, Tex. Apr. 20, 2018) (Dkt. 30-1 at 52-82). On July 6, 2018, the court dismissed the case with prejudice as baseless and awarded attorneys' fees to Mark. Dkt. 30-1 at 84-85. Colette's appeals were denied. Dkt. 29 at 5.

Colette also unsuccessfully attempted to challenge the Texas State Court's rulings regarding the validity of the Texas Note and Deed of Trust in the California probate proceedings. *See Savage v. Savage*, No. 1700381 (Cal. Super. Ct. Dec. 17, 2019) (Dkt. 40 at 89-93) (denying reconsideration of motion to vacate the Texas state court judgment).

On December 5, 2019, Colette filed suit in the United States District Court for the Northern District of California, attempting to challenge the Texas and California State Court rulings regarding the Texas Note, Deed of Trust, and foreclosure. *Savage v. Savage*, No. 19-CV-07994-DMR, 2020 WL 2525079, at *2 (N.D. Cal. May 18, 2020), *aff'd*, 2021 WL 3758347 (9th Cir. Aug. 25, 2021). The Northern District of California described Colette's claims as follows:

> As best as the court can tell, the heart of Plaintiff's complaint is that a court order issued by a state court in Texas regarding the promissory note conflicts with orders by a California state probate court. Plaintiff alleges that she was "prevented from suing"

4

> Defendant in Texas for fraud-related behavior, and that he was therefore able to "garnish" her inheritance by obtaining an "erroneous" monetary judgment in Texas and then enforcing it against her in California. According to Plaintiff, "[t]he entire litigation in Texas was a premeditated hoax on a fake debt," and the "[c]onflicting orders" by the Texas and California courts "must be resolved."

*Id.* at *1. The court reasoned that "Plaintiff's complaint and current motions for injunctive relief make clear that she asserts legal claims that challenge the propriety of various state court orders and seeks relief from those orders." *Id.* at *6. Thus, the court found that Colette's lawsuit "amounts to a forbidden de facto appeal of state court decisions that entered judgment against her in Defendant's favor regarding a promissory note she executed in Texas." *Id.* at *5. Therefore, the district court held that Colette's lawsuit was barred under the *Rooker-Feldman* doctrine[3] and dismissed it for lack of subject matter jurisdiction. *Id.*

The Ninth Circuit Court of Appeals found that the district court properly dismissed Savage's action for lack of subject matter jurisdiction under the *Rooker-Feldman* doctrine. *Savage v. Savage*, 2021 WL 3758347, at *1 (9th Cir. Aug. 25, 2021).

**C.  This Lawsuit**

On February 11, 2021, Colette and her associate Kent Graham (together, "Plaintiffs") filed this lawsuit, once again challenging the validity of the Texas Note, the Deed of Trust, and the foreclosure of her property. Plaintiffs also ask the Court to overturn the decisions of the Texas State Courts, claiming that the judges and justices committed fraud and other criminal acts in ruling on her claims. Colette names as Defendants Savage; McDonald; Vijay Mehta, the purchaser of the foreclosed property; Judge Lee Harris, District Judge of Hill County, Texas; Chief Justice Thomas

---

[3] *See Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923); *Dist. of Columbia Court of Appeals v. Feldman*, 460 U.S. 462 (1983).

Gray of the Texas Tenth Court of Appeals; and Rex Davis, retired justice of the Texas Tenth Court of Appeals. Harris, Gray, and Davis are referred to herein as the "Judicial Defendants."

All of the Defendants now seek dismissal of Plaintiffs' Complaint under Federal Rules of Civil Procedure 12(b)(1) and/or 12(b)(6).

## II.   Legal Standards

### A.  Rule 12(b)(1)

Federal district courts are courts of limited jurisdiction and may exercise only such jurisdiction as is expressly conferred by the Constitution and federal statutes. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). A federal court has subject matter jurisdiction over civil cases "arising under the Constitution, laws, or treaties of the United States," and over civil cases in which the amount in controversy exceeds $75,000, exclusive of interest and costs, and in which diversity of citizenship exists between the parties. 28 U.S.C. §§ 1331, 1332.

Federal Rule of Civil Procedure 12(b)(1) allows a party to assert lack of subject matter jurisdiction as a defense to suit. A federal court properly dismisses a case for lack of subject matter jurisdiction when it lacks the statutory or constitutional power to adjudicate the case. *Home Builders Ass'n of Miss., Inc. v. City of Madison*, 143 F.3d 1006, 1010 (5th Cir. 1998). "The burden of proof for a Rule 12(b)(1) motion to dismiss is on the party asserting jurisdiction." *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001). "Ultimately, a motion to dismiss for lack of subject matter jurisdiction should be granted only if it appears certain that the plaintiff cannot prove any set of facts in support of his claim that would entitle plaintiff to relief." *Id.* In ruling on a Rule 12(b)(1) motion, the court may consider (1) the complaint alone; (2) the complaint plus undisputed facts evidenced in the record; or (3) the complaint, undisputed facts, and the court's resolution of disputed facts. *Lane v. Halliburton*, 529 F.3d 548, 557 (5th Cir. 2008).

**B.  Rule 12(b)(6)**

Federal Rule of Civil Procedure 12(b)(6) allows a party to move to dismiss an action for failure to state a claim on which relief can be granted. In deciding a Rule 12(b)(6) motion to dismiss for failure to state a claim, the court "accepts all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff." *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007) (internal quotation marks omitted). The Supreme Court has explained that a complaint must contain sufficient factual matter "to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft*, 556 U.S. at 678.

> While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact).

*Twombly*, 550 U.S. at 555 (cleaned up). The court's review is limited to the complaint, any documents attached to the complaint, and any documents attached to the motion to dismiss that are central to the claim and referenced by the complaint. *Lone Star Fund V (U.S.), L.P. v. Barclays Bank PLC*, 594 F.3d 383, 387 (5th Cir. 2010).

### III.    Analysis

As noted, Defendants seek dismissal of Plaintiffs' Amended Complaint under Federal Rules of Civil Procedure 12(b)(1) and/or 12(b)(6). Specifically, the Judicial Defendants move to dismiss Plaintiffs' Amended Complaint for lack of standing, lack of subject matter jurisdiction under the *Rooker-Feldman* doctrine, Eleventh Amendment immunity, judicial immunity, lack of diversity

jurisdiction, and failure to state a claim on which relief can be granted. Dkts. 26, 27 & 33. Defendant McDonald argues that Plaintiffs' lawsuit should be dismissed on the *Rooker-Feldman* doctrine, lack of diversity jurisdiction, and failure to state a claim on which relief can be granted. Dkt. 29. Defendant Mark Savage moves for dismissal on the *Rooker-Feldman* doctrine, failure to state a claim on which relief can be granted, and that Plaintiffs' Amended Complaint fails to comply with the pleading requirements of Federal Rule of Civil Procedure 8(a). Dkt. 39.

Federal courts must address challenges to subject matter jurisdiction before reaching the merits of a case. *Del-Ray Battery Co v. Douglas Battery Co.*, 635 F.3d 725, 729 (5th Cir. 2011) (citing *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94 (1998)). Accordingly, the Court addresses Defendants' jurisdictional arguments first. *See Ramming*, 281 F.3d at 161 ("When a Rule 12(b)(1) motion is filed in conjunction with other Rule 12 motions, the court should consider the Rule 12(b)(1) jurisdictional attack before addressing any attack on the merits.").

## A.  Rooker-Feldman Doctrine

The Court lacks subject matter jurisdiction over this case under the *Rooker-Feldman* doctrine. This doctrine deprives federal courts of subject matter jurisdiction in "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005).

> A federal complainant cannot circumvent this jurisdictional limitation by asserting claims not raised in the state court proceedings or claims framed as original claims for relief. If the district court is confronted with issues that are "inextricably intertwined" with a state judgment, the court is "in essence being called upon to review the state-court decision," and the originality of the district court's jurisdiction precludes such a review.

*United States v. Shepherd*, 23 F.3d 923, 924 (5th Cir. 1994) (quoting *Feldman*, 460 U.S. at 482 n.16). Litigants may not obtain review of state court actions by filing complaints about those

actions in lower federal courts framed as civil rights suits. *See Liedtke v. State Bar of Tex.*, 18 F.3d 315, 317 (5th Cir. 1994) ("The casting of a complaint in the form of a civil rights action cannot circumvent this rule, as absent a specific delegation federal district courts, as courts of original jurisdiction, lack appellate jurisdiction to review, modify, or nullify final orders of state courts.") (cleaned up). The only federal recourse for constitutional questions arising in state court proceedings is application for writ of certiorari to the United States Supreme Court. *Id.*

Because the Court finds that Plaintiffs' claims are inextricably intertwined with the state court judgment and proceedings regarding the Texas Note, Deed of Trust, and foreclosure of Colette's property, this suit is barred by the *Rooker-Feldman* doctrine. *See Graham v. Bos., H. & E.R. Co.*, 118 U.S. 161, 177 (1886) (holding that a federal court cannot set aside a final decree of foreclosure of a mortgage rendered by a state court, which had complete jurisdiction over the parties and the subject-matter, on the ground that the decree was obtained by fraud); *Morris v. Am. Home Mortg. Servicing, Inc.*, 443 F. App'x 22, 24 (5th Cir. 2011) (holding that *Rooker-Feldman* doctrine barred mortgagor's claims against mortgagee and others that state court foreclosure judgment and writ of possession were unlawful and that defendants engaged in unlawful debt collection practices); *Shepherd*, 23 F.3d at 924-25 (finding violation of *Rooker-Feldman* doctrine where district court invalidated state judgment confirming validity of foreclosure sale); *McCormick v. E. Coast Enters.*, 57 F.2d 859, 860 (5th Cir. 1932) (finding that district court lacked jurisdiction to either annul or amend judgment of state court regarding foreclosure of mortgage bonds); *In re Hollie*, 622 B.R. 221, 229 (Bankr. S.D. Tex. 2020) (holding that *Rooker-Feldman* doctrine barred court from reviewing state court rulings on whether deed of trust on plaintiff's property was void).

Accordingly, Defendants' Motions to Dismiss for lack of subject matter jurisdiction based on the *Rooker-Feldman* doctrine should be granted. Because the Court finds that Plaintiffs' lawsuit is

barred by the *Rooker-Feldman* doctrine, the Court need not address Defendants' alternative arguments for dismissal.[4]

## B.  Colette Savage Is a Vexatious Litigant

Defendant Mark Savage moves to declare Plaintiff Colette Savage "a vexatious litigant and enjoin her from filing any future Federal action against Mark Savage or any other Defendant, unless she can show good cause that the proposed action has merit and is not frivolous." Dkt. 41 at 7. Mark argues that "[u]nless Colette Savage is declared a vexatious litigant and enjoined from filing any further actions in any Federal Court against Mark Savage, the likelihood that this action will be her last against him and the other defendants herein similarly situated are slim to none." *Id.*

"A district court has jurisdiction to impose a pre-filing injunction to deter vexatious, abusive, and harassing litigation." *Baum v. Blue Moon Ventures*, 513 F.3d 181, 187 (5th Cir. 2008). In determining whether to impose such an injunction, the Court must

> weigh all of the relevant circumstances, including the following four factors: (1) the party's history of litigation, in particular whether she has filed vexatious, harassing, or duplicative lawsuits; (2) whether the party had a good faith basis for pursuing the litigation, or simply intended to harass; (3) the extent of the burden on the courts and other parties resulting from the party's filings; and (4) the adequacy of alternative sanctions.

*Id.* at 189. Federal courts can consider a litigant's conduct in state court to determine whether the litigant's conduct in federal court was undertaken in bad faith or for an improper motive. *Id.* at

---

[4] The Court could dismiss Plaintiffs' lawsuit as duplicative and malicious. *See Pittman v. Moore*, 980 F.2d 994, 995 (5th Cir. 1993) (holding that a district court may dismiss a lawsuit as "malicious" if the suit "duplicates allegations of another pending federal lawsuit by the same plaintiff"); *Wilson v. Lynaugh*, 878 F.2d 846, 849-50 (5th Cir. 1989) (affirming dismissal of lawsuit as malicious where plaintiff previously unsuccessfully litigated same claims); *see also Annamalai v. Sivanadiyan*, 713 F. App'x 409, 410-11 (5th Cir. 2018) (holding that district court did not abuse its discretion in dismissing complaint as malicious where plaintiff filed nearly identical suit in another forum before filing suit in district court). In addition, Plaintiffs' claims against the Judicial Defendants are barred by the doctrine of judicial immunity. It is settled law that a judge enjoys absolute immunity from liability and from suit for damages for judicial acts performed within his or her jurisdiction. *Mireles v. Waco*, 502 U.S. 9, 11 (1991); *Pierson v. Ray*, 386 U.S. 547, 553-54 (1967).

191. A pre-filing injunction must be "tailored to protect the courts and innocent parties, while preserving the legitimate rights of litigants." *Id.* at 190.

As detailed above, this is the fourth lawsuit Colette Savage has filed attempting to challenge the Texas Note, the Deed of Trust, and the foreclosure of her property. In addition, this is the third lawsuit she has filed seeking to overturn the Texas State Court rulings on those matters.

Having considered all of the *Baum* factors, the Court finds that the imposition of a pre-filing injunction against Colette is warranted. Accordingly, the Court **GRANTS** Defendant Mark Savage's Motion to Declare Colette Savage a Vexatious Litigant (Dkt. 41), and recommends that the District Court issue a pre-filing injunction declaring that Colette Savage may not file any future actions in the Western District of Texas challenging the Texas Note, the Deed of Trust, the foreclosure of her property, or any Texas State Court rulings on those matters, without receiving written leave from a federal district judge for this district.

The Court **DENIES** as frivolous Plaintiffs' Motion to Declare Defendants as True Vexatious Litigants (Dkt. 63).

## C.  Judicial Defendants' Motion to Stay Discovery

Because the Court recommends that this case be dismissed for lack of subject matter jurisdiction, the Court **GRANTS** the Judicial Defendants' Motion to Stay Scheduling Conference and Discovery (Dkt. 46).

## D.  Plaintiffs' Motion to Amend Complaint

The Federal Rules of Civil Procedure mandate that leave to amend must be "freely give[n] . . . when justice so requires." FED. R. CIV. P. 15(a)(2). However, "it is within the district court's discretion to deny a motion to amend if it is futile." *Stripling v. Jordan Prod. Co., LLC*, 234 F.3d 863, 872-73 (5th Cir. 2000). Amendment is futile if the amended complaint "could not survive a

motion to dismiss." *Rio Grande Royalty Co. v. Energy Transfer Partners, L.P.*, 620 F.3d 465, 468 (5th Cir. 2010).

Plaintiffs' Motion to Amend does not include a proposed second amended complaint; rather, it appears to simply allege the same claims and arguments as alleged in their Amended Complaint. Regardless, because the Court has determined that it does not have subject matter jurisdiction over this case and Plaintiffs' Motion fails to refute this, any attempt to amend would be futile. *See Pool v. Trump*, 756 F. App'x 446, 447 (5th Cir. 2019) (affirming dismissal and denial of leave to amend as futile where district court lacked subject matter jurisdiction); *Kam v. Peyton*, No. 3:18-CV-1447-D-BK, 2018 WL 6706098, at *3 (N.D. Tex. Oct. 11, 2018), *R. & R. adopted*, 2018 WL 6696499 (N.D. Tex. Dec. 20, 2018), *aff'd*, 773 F. App'x 784 (5th Cir. 2019) (denying motion to amend as futile where suit was barred by *Rooker-Feldman* doctrine). Accordingly, Plaintiffs' Motion to Amend (Dkt. 71) is **DENIED**.

### IV.    Order and Recommendation

The undersigned **RECOMMENDS** that the District Court **GRANT** Defendants Judge Lee Harris's First Amended Motion to Dismiss (Dkt. 26), Chief Justice Thomas Gray's First Amended Motion to Dismiss (Dkt. 27), Defendant Michael McDonald's Motion to Dismiss (Dkt. 29), Defendant Rex Davis's First Amended Motion to Dismiss (Dkt. 33), and Defendant Mark Savage's First Amended Motion to Dismiss (Dkt. 39), and **DISMISS** this case with prejudice for lack of subject matter jurisdiction.

The Court Further **RECOMMENDS** that the District Court issue a pre-filing injunction declaring that Colette Savage may not file any future actions in the Western District of Texas challenging the Texas Note, the Deed of Trust, the foreclosure of her property, or any Texas State Court rulings on those matters, without receiving written leave from a federal district judge for this district.

The undersigned further **ORDERS** that:

> Defendants Michael McDonald, Rex Davis, and Mark Savage's Motions for Judicial Notice (Dkts. 30, 34 & 40) are **GRANTED**;

> Defendant Mark Savage's Motion to Declare Colette Savage a Vexatious Litigant (Dkt. 41) is **GRANTED**;

> The Judicial Defendants' Motion to Stay Scheduling Conference and Discovery (Dkt. 46) is **GRANTED**;

> Plaintiffs' Motions for Extension of Time to File Response/Reply Briefs (Dkts. 53 & 66) are **DENIED**;

> Plaintiffs' Motion to Declare Defendants as True Vexatious Litigants (Dkt. 63) is **DENIED**;

> Plaintiffs' Motion to Amend (Dkt. 71) is **DENIED**; and

> Plaintiffs' Motion to Offer Proof (Dkt. 74) is **DENIED**.

**IT IS ORDERED** that the Clerk **REMOVE** this case from the Magistrate Court's docket and **RETURN** it to the docket of the Honorable Robert Pitman.

## V.    Warnings

The parties may file objections to this Report and Recommendation. A party filing objections must specifically identify those findings or recommendations to which objections are being made. The District Court need not consider frivolous, conclusive, or general objections. *See Battle v. United States Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987). A party's failure to file written objections to the proposed findings and recommendations contained in this Report within fourteen (14) days after the party is served with a copy of the Report shall bar that party from de novo review by the District Court of the proposed findings and recommendations in the Report and, except on grounds of plain error, shall bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the District Court. *See* 28 U.S.C.

§ 636(b)(1); *Thomas v. Arn*, 474 U.S. 140, 150-53 (1985); *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc).

    **SIGNED** on August 30, 2021.

SUSAN HIGHTOWER
UNITED STATES MAGISTRATE JUDGE
