IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| KENT GRAHAM and COLETTE SAVAGE | § | |
| | § | |
| Plaintiffs, | § | |
| | § | Civil Action No.: 1:21-cv-00151-RP |
| vs. | § | |
| | § | |
| MARK SAVAGE, MICHAEL MCDONALD, VIJAY MEHTA, THOMAS GRAY,REX DAVIS, AND JUDGE LEE HARRIS | § § § | |
| | § | |
| Defendants, | § | |

**MARK SAVAGE'S MOTION FOR ATTORNEY'S FEES**

TO THE HONORABLE JUDGE ROBERT PITMAN:

NOW COMES, Defendant, Mark Savage, filing this Brief in Support of his motion to for attorney's fees pursuant to F.R.C.P. 54(d)(2) and local Rule CV-54(b).

## I. INTRODUCTION

On January 20, 2022, the Court issued its Order adopting report and recommendation of United States Magistrate Judge Susan Hightower (Docket 75) granting each of the Defendants' motions to dismiss the action with prejudice and finding that Plaintiff, Colette Savage, be declared a vexatious litigate and be enjoined prior to filing any new action in this court relating to the subject matter of this action (Docket 97). On January 20, 2022, the Court issued its Final Judgment in this matter and ordered that each party bear its own costs.

This Court having ordered the dismissal with prejudice of Ms. Savage's claims against Defendant, Mark Savage, as a matter of law he is considered the prevailing party for purposes of seeking an award of attorney's fees from this Court (See *Hill v. Imperial Sav., 852 F. Supp. 1354, 1371 (W.D. Tex. 1992)*) as the Promissory Notes that formed the basis of Ms. Savage's

claims against Mr. Savage include such a provision. Further, Ms. Savage's complaint and amended complaint make various fallacious allegations against Mr. Savage claiming that his attempts to collect on the promissory notes was essentially a violation of various fair debt collection practices, which would include those enumerated under Texas Statutes & Court Rules, Financial Code § 391, et seq. As such, Mr. Savage is also entitled to an award of his attorney's fees under Texas Finance Code § 392.403(c).

This motion is timely under local rule 54(b) as it is being filed within the fourteen days of the entry of judgment.

## II. LEGAL ARGUMENT

### A. The Underlying Action Seeks Relief Related to Three Promissory Notes Executed by the Parties Each Containing an Attorney's Fees Clause Awarding Fees to the Prevailing Party Thereby Justifying Awarding Appellee his Fees on Appeal

All of the relief requested by Plaintiff, Colette Savage, in this action upon which a judgment of dismissal with prejudice has been entered against Ms. Savage (Docket 98) arise out of and/or relate to three successive promissory notes executed by the parties (Docket 19-1;Exhibits 1, 2, 3, and 4), each of which contains an attorney's fees clause.

Indeed, the entire thrust of Colette Savage's claims relate to the alleged improper enforcement of each of these notes by the Defendant, Mark Savage. As such, the attorney's fees provision contained within each of these notes entitles Mark Savage, as the prevailing party, to an award of his attorney's fees in defending against Ms. Savage frivolous claims. ("The general rule in Texas is that expenses incurred in prosecuting or defending a suit are not recoverable as costs or damages unless recovery for such items is expressly provided for by contract or statutory provision. [citations omitted] *Baja Energy, Inc. v. Ball*, 669 S.W.2d 836, 838 (Tex. App. 1984))

Here, while it is difficult (if not impossible) to discern from the disjointed haphazard wording of her amended complaint whether Colette Savage's claims are for breach of contract or arise from claim under some unfair debt collection claim, the Courts have held such a determination is not necessary in awarding fees if there is an agreement in the parties' contract that provides for them. As a result, it is unnecessary to resolve and attempt to ascertain the actual causes of actions that are pled by Colette Savage; it is undisputed that the crux of all of her claims relate and arise out of her attempts to challenge the enforceability of the various promissory notes. (In general, under Texas law "litigants may recover attorney's fees only if specifically provided for by statute or contract." *Epps v. Fowler*, 351 S.W.3d 862, 865 (Tex. 2011) (*citing Intercontinental Group P'ship v. KB Home Lone Star LP*, 295 S.W.3d 650, 653 (Tex. 2009)*Windmill Invs., LLC v. RedHill Realty Invs.,* LP, No. 5:16-CV-345-OLG, 2017 WL 3713471, at *1 (W.D. Tex. June 13, 2017).

The applicable attorney's fees clauses in the respective notes are as follows:

> Collection Costs. Maker promises to pay on demand all reasonable out of pocket costs of and expenses of Holder in connection with the collection of amounts due hereunder, including without limitation, attorney fees incurred in connection therewith, whether or not any lawsuit is ever filed with respect thereto.

*California Promissory Notes* dated June 3rd and 26th 2014 (Docket 19-1;Exhibits 1 and 2; pages 3 and 6)

and;

> If this note or any instrument securing or collateral to it is given to an attorney for collection or enforcement, or if suit is brought for collection or enforcement, or if it is collected or enforced through probate, bankruptcy, or other judicial proceeding, then Maker shall pay Payee all costs of collection and enforcement, including reasonable attorney's fees and court costs, in addition to other amounts due. Reasonable attorney's fees shall be ten percent (10%) of all amounts due unless either party pleads otherwise.

*Texas Real Estate Lien Note* dated August 22, 2014 (Docket 19-1; Exhibit 3; page 10)

Each of the above clauses evidence that the parties intended to shift the burden of the payment of attorney's fees onto either party who unsuccessfully sought to dispute, enforce, or disrupt the terms of the notes. As acknowledged by the Court's adoption of Magistrate Hightower's report and recommendation (Docket 75) in its January 20, 2022 Order (Docket 97), Colette Savage's attempt to overturn the multiple State Court actions in favor of Mark Savage's claims were barred by the *Rooker-Feldman* doctrine finding her complaint was a *de facto* appeal of these prior enforcement actions. As such, regardless of any restrictive language in the above attorney's fees clauses, Mark Savage is entitled to an award of his reasonable attorney's fees in this action as they all derive from the same underlying promissory notes.

Indeed, the 9th Circuit Court of Appeals came to this conclusion when it granted Mr. Savage's motion for attorney's fees on appeal. (United States Court of Appeals for the Ninth District, Case No. 20-17297; Docket 32). As such, the same conclusion should be found herein.

Alternatively, Tex. Civ. Prac. & Rem. Code Ann. § 38.001, in any action arising out of a written contract: "A person may recover reasonable attorney's fees from an individual or organization other than a quasi-governmental entity authorized to perform a function by state law, a religious organization, a charitable organization, or a charitable trust, in addition to the amount of a valid claim and costs." Therefore, under any of the above theories, Mark Savage is entitled to an award of his attorney's fees in this action filed by Colette Savage.

**B. Plaintiff's Amended Complaint Seeks a Judicial Determination and, therefore, Defendant, Mark Savage is Entitled to an Award of Fees Pursuant to Texas Civil Practice & Remedies Code § 37.009**

Notwithstanding that Colette Savage's claims undeniably arise out of the various promissory notes between Mark Savage and herself, the Amended Complaint discloses that in essence Ms. Savage's claims are for judicial determination by this Court, and therefore are a form of Declaratory Relief. As such, in addition to his claim under the express provisions under the promissory notes, as set forth above, Mark Savage is entitled to an award of his reasonable attorney's fees under Texas Civil Practice & Remedies Code § 37.009 ("In any proceeding under

this chapter, the court may award costs and reasonable and necessary attorney's fees as are equitable and just.)

> "…Texas law allows recovery of attorney's fees by the prevailing party in a declaratory judgment action. *See McLeod,* 894 F.2d at 1487 (in a diversity case Texas law governs the award of attorneys' fees); *Royal Indem.*, 528 F.2d at 190 (in a declaratory judgment action based upon diversity, liability for attorneys' fees hinges on state law); Tex.Civ.Prac. & Rem.Code § 37.009; *Texstar N. Amer. v. Ladd Petroleum,* 809 S.W.2d 672, 679 (Tex.App.—Corpus Christi 1991, writ denied) (denial of attorneys' fees in a declaratory judgment action lies within the sound discretion of the trial court)

*McCracken v. U.S. Fire Ins. Co.*, 802 F. Supp. 30 at 38 (W.D. Tex. 1992)

Therefore, Mark Savage is the prevailing party in Colette Savage's claims seeking declaratory relief from this Court; in the interest of equity, he should be awarded his reasonable attorney's fees in successfully defending against Ms. Savage's unmeritorious claims.

### C. Plaintiff's Unmeritorious Claims that the Collection on the Parties' Promissory Notes by Mark Savage Violated Various Wrongful Debt Collection Practices Constitutes Harassment Entitling Mark Savage to his Attorney's Fees Under Texas Finance Code § 392.403(c)

Title 5 of the Texas financial Code deals with wrongful debt collection practices. Piercing through the rambling rhetoric of Colette Savage's Amended Complaint (Docket 19) discloses that she erroneously claims that Mark Savage's enforcement of the Texas Promissory Note (Docket 19-1, Exhibit 3) violated various fair debt collection statutes. As the action arises from the collection in Texas of a Texas Note, these claims would logically include a claim under Title 5 of the Texas Finance Code. Since all of Colette Savage 's claims of were found to be barred under the Rooker-Feldman doctrine (and as they had been previously litigated in various state and federal courts) the brining of this action against Mark Savage alleging unfair debt collection practices can only be construed to be brought in bad faith and for purposes of harassment.

As, Texas Finance Code § 393.403(c) provides that: "(c) On a finding by a court that an action under this section was brought in bad faith or for purposes of harassment, the court shall award the defendant attorney's fees reasonably related to the work performed and costs."

Given the history of Colette Savage's relentless unmeritorious and frivolous pursuit against Mark Savage relating to his lawful collection of a judgment from the 66th District Court

of Texas and this Court's finding she is a vexatious litigant, per § 393.403(c) he is entitled to an award of his attorney's fees related to having to defend this latest bad faith action by Colette Savage.

Indeed, Ms. Savage's claims herein are akin to those raised in *Kan v. OneWest Bank, FSB*, 823 F. Supp. 2d 464, 471 (W.D. Tex. 2011), wherein the Court found that the Plaintiff's claims therein were, in essence, an attempt to make unsupported conclusory allegations in the hope that one or more would stick.

> "Here, Kan's complaint does not make any substantial claims under the Act. Rather, it simply references the "laundry list" section of the Act, without specifically identifying how OneWest is supposed to have violated the act, or what the alleged violation might be. Def.'s Notice of Removal [# 1], Ex. 1 (Pl.'s Compl) at 6. Kan's response is similarly conclusory on this point. His only argument on this is the following: "Plaintiffs Section 392.304 of the Texas Debt Collection Act Was Not Brought in Bad Faith. If the Court believes Plaintiffs allegations were unclear the Plaintiff should be allowed to file an amended complaint.... Furthermore, a foreclosure is a debt collection." Def.'s Resp. [# 22] at 5 (citations omitted). **At no point does Kan make any effort to connect his factual allegations to a specific section of the Act. His complaint and response fail to demonstrate that his lawyer undertook a reasonable investigation of the facts or the law, or that he is making an argument for an extension of the law. As such, the Court finds as a matter of law that Kan's complaint under the TDCA was brought in bad faith or for purposes of harassment.** Moreover, the equities are entirely against Kan. He has demonstrated no rights at law or equity in the property, and apparently engaged in activities which were likely fraudulent. Accordingly, the Court conditionally GRANTS OneWest's request for attorney's fees, and ORDERS OneWest's counsel to file, within fifteen days of entry of this order, argument and proof as to its reasonable fees. (emphasis added)

*Id at* 471.

Ms. Savage's amended complaint is just as lacking in any connection between her factual allegations and the Act (TDCA). This deficiency, coupled with the history of her multiple failed attempts to plead the same allegations and claims in various state and federal courts, supports a finding that her efforts herein were brought in bad faith and are just the latest in her ongoing harassment of her brother, Mark Savage. As such, Mark Savage is entitled to an award of his attorney's fees under Texas Finance Code § 392.403(c).

**D. The Fees Claimed By Mark Savage are Reasonable**

As set forth in the history bill attached as Exhibit A to the Declaration of Jeffrey A. Moss, Mr. Savage incurred 43.80 hours in attorney and law clerk time that resulted in Mr. Savage being charged $13,676.75 in fees responding to Plaintiff, Colette Savage's Complaint and Amended Complaint. Based upon the experience of both Defendant, Mark Savage's counsel, Jeffrey A. Moss, and his law clerk, Jeremy B. Paul, as more fully set forth in the declaration of Jeffrey A. Moss filed herewith, the fees incurred by Mr. Savage in responding to Ms. Savage's appeal were reasonable. (*Mid–Continent Cas. Co. v. Chevron Pipe Line Co.*, 205 F.3d 222, 232 (5th Cir.2000)).

Moreover, Mr. Moss has been admitted to practice law since 1983 and Mr. Paul has been a paralegal/law clerk since 1989. Each have substantial experience in civil litigation. As such their experience satisfies the "adequate" and "competent" standards established in *Jerry Parks Equip. Co. v. Se. Equip. Co., 817 F.2d 340, 344 (5th Cir. 1987).*

In calculating the fees requested by this motion, Appellee's counsel applied the "lodestar" approach ("the district court must select an appropriate hourly rate based on prevailing community standards for attorneys of similar experience in similar cases. *Id.* The number of compensable hours is then multiplied by the selected hourly rate to produce the "lodestar" amount. *Shipes v. Trinity Indus.*, 987 F.2d 311, 319 (5th Cir. 1993)).

It is well established that the hourly rate applied should be commensurate with the market rate for attorneys of equal experience and qualifications. Here, Mr. Moss' has billed Appellee an hourly rate of $395.00 for his time and $300 for that of his law clerk. Mr. Moss' hourly rate of $395.00, given his experience and qualifications, is likely below the market rate. Mr. Paul's hourly rate is at the high end of the market; however, his skill and experience, which is equivalent to that of an associate attorney, reasonably justifies it. (*Blum v. Stenson*, 465 U.S. 886, 899, 104 S. Ct. 1541, 1549 (1984))

Moreover, the institutional knowledge that counsel possesses regarding the myriad issues, underlying/related actions, and records that related to claims in the multiple prior state and federal court actions, allowed counsel to research and prepare Mr. Savage's defense in this action in a cost-efficient manner. Had Mark Savage been required to obtain different counsel to manage his response to this latest action by Colette Savage, the number of hours would have been exponentially greater. Therefore, Mark Savage's request for a fee award of $_________ is more than reasonable given the complexity and breadth of claims made by Colette Savage.

## III. CONCLUSION

The Court's order and judgment (Docket Nos. 97 and 98) dismissing Plaintiffs' complaint for lack of subject matter jurisdiction (*Rooker-Feldman* doctrine) affirms that Mark Savage is the prevailing party. As Colette Savage's claims arose from her allegations that the State Courts of Texas and California improperly enforced the various promissory notes between the parties, the attorney's fees clauses contained therein entitles Mark Savage to an award of his reasonable attorney's fees in defending this action. Alternatively, outlined above are the multiple statutory and equitable grounds to award Mark Savage his attorney's fees.

Mark Savage employed competent counsel who charges hourly rates that are either lower than or commensurate with the market, based upon their experience and skills. Mr. Savage also benefited from the institutional knowledge of his representation that allowed for the fees charged to be less than what new counsel would have charged. As a result, the 46.30 hours billed by Mark Savage's counsel and request for $14,521.75 in fees is reasonable and proper.

Respectfully submitted.

Date: February 2, 2022 LAW OFFICE OF JEFFREY A. MOSS, ESQ.

by:___________________________________

JEFFREY A. MOSS, ESQ.
Attorney for Defendant
MARK SAVAGE

## CERTIFICATE OF SERVICE

I, JEREMY PAUL, declare and state that I am over eighteen (18) years of age, employed in the City of San Rafael, County of Marin, California, and not a party to this action. My business address is 35 Mitchell Blvd., Suite 6, San Rafael, CA 94903.

On the date set forth below, I served the foregoing document described as:

**MARK SAVAGE'S MOTION FOR ATTORNEY'S FFEES**

addressed to the parties as follows:

Colette Savage, *Pro Se Complainant*
116 South Vista #168
Boise, ID 83705
Coletteski2454@gmail.com

Michael McDonald, Defendant
Through his attorney:

Leslie A. Benitez
GORDON REES SCULLY MANSUKHANI, LLP
901 South Mopac Expressway
Building 1, Suite 480
Austin, TX 78746

Kent Graham, *Pro Se Complainant*
905 N. 11st Street
Temple, TX 76501
Hywayspeak123@gmail.com

Justice Thomas Gray and Judge Lee Harris, Defendants
Through their attorney:

Jeff Work
Assistant Attorney General
General Litigation Division
Office of the Attorney General
P.O. Box 12548, Capitol Station
Austin, TX 78711-2548

Vijay Mehta, *Pro Se Defendant*
805 Paintbrush Lane
Temple, Texas 76502

**[X] BY ELECTRONIC MAIL -** By sending it to a registered user by filing it with the court's electronic-filing system pursuant to FRCP Rule 5(b)(2)(E).

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Dated: February 2, 2022

________________________________
Jeremy B. Paul