# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF TEXAS
# AUSTIN DIVISION

| | | |
|---|---|---|
| **KENT GRAHAM and** | § | |
| **COLETTE SAVAGE,** | § | |
| *Plaintiffs* | § | |
| | § | |
| **v.** | § | |
| | § | **CASE NO. 1:21-CV-151-RP** |
| **MARK SAVAGE, MICHAEL** | § | |
| **MCDONALD, VIJAY MEHTA,** | § | |
| **CHIEF JUSTICE THOMAS GRAY,** | § | |
| **JUSTICE REX DAVIS, and** | § | |
| **JUDGE LEE HARRIS,** | § | |
| *Defendants* | § | |

## REPORT AND RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE

**TO: THE HONORABLE ROBERT PITMAN**
    **UNITED STATES DISTRICT JUDGE**

Before the Court are Defendant Mark Savage's Motion for Attorney's Fees, filed February 2,

2022 (Dkt. 100); Plaintiffs' Responses in Opposition to Attorney's Fees, filed February 14, 2022

and February 18, 2022 (Dkt. 101, 104); Defendant's Reply, filed February 28, 2022 (Dkt. 105);

and Plaintiffs' "Response to Docket 105/Objection," filed March 2, 2022 (Dkt. 106).[1]

## I.    Background

### A.  Facts

In 1993, Texas residents William and Beatrice Savage established a family trust (the "Trust")

providing that their assets would pass to the Trust at the time of their deaths. William and Beatrice

named their children, Mark Savage and Colette Savage, as beneficiaries of the Trust, with Colette

being the largest future recipient of the Trust assets. *Savage v. Savage*, No. 10-17-00139-CV, 2018

---

[1] The District Court referred the motion to the undersigned Magistrate Judge for Report and
Recommendation, pursuant to 28 U.S.C. § 636(b)(1)(B), Federal Rule of Civil Procedure 72, and Rule 1(d)
of Appendix C of the Local Rules of the United States District Court for the Western District of Texas.

WL 5290041, at *1 (Tex. App.—Waco Oct. 24, 2018, pet. denied). The Trust was amended several times in the succeeding years. *Id.* In early 2013, Mark was appointed as attorney-in-fact for Beatrice, through a power of attorney. *Id.* In the spring of 2014, Mark also had a medical power of attorney for Beatrice. *Id.*

In February 2014, after William died, Beatrice began to experience serious health issues. *Id.* Mark traveled to California, where Beatrice was living, to take care of her and manage her affairs. *Id.* Shortly thereafter, Mark and Colette's half-brother, Steven Sommer, began disputing the Trust documents and filed a petition in California probate court for appointment of a conservator over Beatrice and her estate. *Savage v. Savage*, No. A150984, 2018 WL 4959441, at *1 (Cal. Ct. App. Oct. 15, 2018). The California probate court appointed R. Michael Lydon as the successor trustee of the Trust and suspended Mark's powers of attorney. *Savage*, 2018 WL 5290041, at *1

In June 2014, in an attempt to repay Mark for defending the probate litigation on Mark and Colette's behalf "and seeking to protect her inheritance," Colette signed two unsecured California $240,000 promissory notes (the "California Notes") in favor of Mark. *Id.* at * 2. Beatrice died on August 12, 2014. *Id.* On August 22, 2014, Colette signed a third $240,000 promissory note in Mark's favor, which was secured by a Deed of Trust on six tracts of land located in Hubbard, Texas (the "Texas Note"). *Id.*

The Texas Note matured on January 1, 2015. *Id.* In October 2015, Colette made two payments to Mark totaling $7,063 on the Texas Note, but still owed Mark a balance of $221,164. *Id.* Colette did not make any further payments on the Texas Note. *Id.* Thereafter, Mark initiated foreclosure proceedings on three of the six properties Colette used as collateral for the Texas Note. *Id.*

A few days before the foreclosure was to take place, Colette, proceeding pro se, filed suit against Mark and his attorney, Michael McDonald, in Hill County District Court ("Texas State

2

Court"), seeking to stop the foreclosure sale and alleging that the Texas Note and Deed of Trust were invalid. *Savage v. Savage*, No. 52,939 (66th Dist. Ct., Hill County, Tex. Dec. 28, 2015) (Dkt. 30-1 at 3-15). In addition to seeking a preliminary injunction to stop the foreclosure, Colette asserted breach of contract, breach of fiduciary duty, violations of the Texas Deceptive Trade Practices Act, and violations of various federal lending regulations. 2018 WL 5290041, at * 2.

The Texas State Court ruled that the Texas Note and Deed of Trust were valid and enforceable and that all of Colette's claims were meritless. Dkt. 40 at 26-31. The court further ordered Colette to pay Mark $290,497.27 in total principal and interest on the Texas Note, $77,546.93 in attorney's fees, and post-judgment interest. *Id.* at 29-30. On October 24, 2018, the Texas Court of Appeals affirmed the Texas State Court's judgment and findings. 2018 WL 5290041, at *10. Subsequently, the Texas Supreme Court denied Colette's petition for review and motion for rehearing of petition for review. Dkt. 40 at 62.

While Colette's first suit was still on appeal, she filed another lawsuit against Mark in state court entitled "Bill of Review," in which she attempted to challenge the trial court's rulings that the Deed of Trust and Texas Note were enforceable. *See Savage v. Savage*, No. CV-219-18-DC (66th Dist. Ct., Hill County, Tex. Apr. 20, 2018) (Dkt. 30-1 at 52-82). On July 6, 2018, the court dismissed the case with prejudice as baseless and awarded attorney's fees to Mark. *Id.* at 84-85. Colette's appeals were denied. Dkt. 29 at 5.

Colette also filed a lawsuit in the Northern District of California, attempting to challenge the Texas and California State Court rulings regarding the Texas Note, Deed of Trust, and foreclosure. *Savage v. Savage*, No. 19-CV-07994-DMR, 2020 WL 2525079 (N.D. Cal. May 18, 2020), *aff'd*, 2021 WL 3758347 (9th Cir. Aug. 25, 2021). The court found that Colette's lawsuit "amounts to a forbidden de facto appeal of state court decisions that entered judgment against her in Defendant's

favor regarding a promissory note she executed in Texas." *Id.* at *5. Therefore, the court held that Colette's lawsuit was barred under the *Rooker-Feldman* doctrine[2] and dismissed it for lack of subject matter jurisdiction. *Id.* The Ninth Circuit Court of Appeals affirmed. *Savage v. Savage*, 2021 WL 3758347, at *1 (9th Cir. Aug. 25, 2021).

## B.  This Lawsuit

On February 11, 2021, Collette[3] and Kent Graham[4] ("Plaintiffs") filed this lawsuit, once again attempting to challenge the Texas Court rulings regarding the Texas Note, Deed of Trust, and foreclosure. Dkt. 1.[5] In addition to suing Mark, McDonald, and Vijay Mehta, the purchaser of the foreclosed property, Plaintiffs also name the Texas judges and justices who adjudicated the various lawsuits and appeals described above. Although their claims are not entirely clear due to the rambling nature of their 51-page Amended Complaint, Plaintiffs invoke the All Writs Act, 28 U.S.C. § 1651, and seek to overturn the Texas Courts' rulings regarding the Texas Note, Deed of Trust, and foreclosure, and to stay enforcement of the "illegal eviction." Dkt. 19 at 1. Plaintiffs allege that the judicial defendants committed fraud, denied Plaintiffs access to the courts, violated their equal protection rights, fabricated evidence, illegally converted Plaintiffs' property and money, and aided and abetted Mark in stealing their money and property. Plaintiffs also allege that Defendants Mark, McDonald, and Mehta committed fraud and illegal lending practices and were

---

[2] *See Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923); *Dist. of Columbia Court of Appeals v. Feldman*, 460 U.S. 462 (1983).

[3] Colette is an Idaho resident.

[4] Graham, a Texas resident, claims to be Colette's real estate business manager and the title holder of one of the foreclosed properties. Dkt. 1-31.

[5] Although Plaintiffs attempted to rely on both federal question and diversity jurisdiction in filing this case in federal court (Dkt. 1 at 6 & 1-33), the Court lacks diversity jurisdiction under 28 U.S.C. § 1332 because Graham and Mark are both Texas residents. *See Caterpillar Inc. v. Lewis*, 519 U.S. 61, 68 (1996) (stating that the diversity statute "applies only to cases in which the citizenship of each plaintiff is diverse from the citizenship of each defendant").

involved in the "sale of stolen property." *Id.* at 48. Plaintiffs allege that Defendants' actions violated various federal and state civil and criminal statutes.

Defendants moved to dismiss Plaintiffs' Amended Complaint under Rule 12(b)(1) for lack of subject matter jurisdiction and under Rule 12(b)(6) for failure to state a claim. On August 30, 2021, the undersigned Magistrate Judge issued a Report and Recommendation that the District Court dismiss the case with prejudice for lack of subject matter jurisdiction. Dkt. 75. The Court found that Plaintiffs' lawsuit was barred by the *Rooker-Feldman* doctrine because "Plaintiffs' claims are inextricably intertwined with the state court judgment and proceedings regarding the Texas Note, Deed of Trust, and foreclosure of Colette's property." *Id.* at 9. The Court also granted Mark's Motion to Declare Colette Savage a Vexatious Litigant (Dkt. 41) and recommended that the District Court issue a pre-filing injunction "declaring that Colette Savage may not file any future actions in the Western District of Texas challenging the Texas Note, the Deed of Trust, the foreclosure of her property, or any Texas State Court rulings on those matters, without receiving written leave from a federal district judge for this district." *Id.* at 11.

On January 20, 2022, the District Court adopted the Report and Recommendation in full, granted Defendants' motions to dismiss, ordered the case to be "**DISMISSED WITH PREJUDICE** for lack of subject matter jurisdiction," and imposed the pre-filing injunction. Dkt. 97. That same day, the District Court entered a Final Judgment stating:

> On this date, the Court adopted United States Magistrate Judge Susan Hightower's report and recommendation and dismissed with prejudice Plaintiffs' claims in this case. As nothing remains to resolve, the Court renders final judgment pursuant to Federal Rule of Civil Procedure 58.
> **IT IS ORDERED** that each party bear its own costs.
> **IT IS FURTHER ORDERED** that the case is **CLOSED**.

Dkt. 98. Mark Savage now seeks attorney's fees pursuant to Federal Rule of Civil Procedure 54(d)(2), arguing that he is the prevailing party under Texas law.

## II.   Legal Standards

Although this case is on appeal, a district court retains jurisdiction to resolve motions for attorney's fees while a judgment on the merits is pending on appeal. *Procter & Gamble Co. v. Amway Corp.*, 280 F.3d 519, 524-25 (5th Cir. 2002). "Such motions are collateral to the merits, so the appeal does not divest the district court of jurisdiction." *Id.; see also Willy v. Coastal Corp.*, 503 U.S. 131, 139 (1992) (holding that district court had authority to issue Rule 11 sanctions for conduct in case ultimately dismissed for lack of subject matter jurisdiction). Accordingly, the Court has jurisdiction to address the merits of the Motion for Attorney's Fees.

Under "the bedrock principle known as the 'American Rule': Each litigant pays his own attorney's fees, win or lose, unless a statute or contract provides otherwise." *Hardt v. Reliance Standard Life Ins. Co.*, 560 U.S. 242, 253 (2010); *see also Alyeska Pipeline Serv. Co. v. Wilderness Soc'y*, 421 U.S. 240, 247 (1975) ("In the United States, the prevailing litigant is ordinarily not entitled to collect a reasonable attorneys' fee from the loser."). "The American Rule has roots in our common law reaching back to at least the 18th century, and statutes which invade the common law are to be read with a presumption favoring the retention of long-established and familiar legal principles." *Baker Botts L.L.P. v. ASARCO LLC*, 576 U.S. 121, 126 (2015) (cleaned up). "A district court may not award attorneys' fees 'unless a statute or contract provides' the basis for such an award." *Spear Mktg., Inc. v. BancorpSouth Bank*, 844 F.3d 464, 470 (5th Cir. 2016) (quoting *Baker Botts*, 576 U.S. at 126).

A fee award is governed by the same law that serves as the rule of decision for substantive issues in the case. *Mathis v. Exxon Corp.*, 302 F.3d 448, 461 (5th Cir. 2002). A state law "can provide the basis for an attorneys' fee award if that state law supplies the rule of decision." *Spear Mktg.*, 844 F.3d at 470. Texas also adheres to the American Rule with respect to attorney's fees. *Epps v. Fowler*, 351 S.W.3d 862, 865 (Tex. 2011). Thus, "litigants may recover attorney's fees

6

only if specifically provided for by statute or contract." *Id.* "Absent a contract or statute, trial courts do not have inherent authority to require a losing party to pay the prevailing party's fees. As a result, fee claimants have always been required to segregate fees between claims for which they are recoverable and claims for which they are not." *Tony Gullo Motors I, L.P. v. Chapa*, 212 S.W.3d 299, 311 (Tex. 2006). The party seeking attorney's fees has the burden to establish the reasonableness and necessity of the fees requested. *Rohrmoos Venture v. UTSW DVA Healthcare, LLP*, 578 S.W.3d 469, 488 (Tex. 2019).

### III.   Analysis

The Final Judgment in this case did not award attorney's fees to Mark Savage or to any Defendant, but ordered that each party shall bear its own costs. Dkt. 98 at 1. Mark argues that he is entitled to attorney's fees under (1) the attorney's fee provisions contained in the Promissory Notes; (2) Tex. Civ. Prac. & Rem. Code § 38.001(b)(8); (3) Tex. Civ. Prac. & Rem. Code § 37.009; and (4) the Texas Finance Code § 392.403(c).

### A.  Promissory Notes

Mark first argues that he is entitled to attorney's fees because all of Plaintiffs' claims in this case arose out of Mark's alleged improper enforcement of the Promissory Notes, and those Promissory Notes contain attorney's fee provisions that entitle him to fees. The Court disagrees.

As stated, under Texas law, a prevailing party may recover attorney's fees if a contract provides for the award of attorney's fees. *Epps*, 351 S.W.3d at 865. Thus, the Court must determine whether the Promissory Notes authorize the Court to award fees to Mark.

The Court's primary concern when construing a written contract "is to ascertain the parties' true intent as expressed in the contract." *Id.* The Promissory Notes contain the following attorney's fee clauses:

Collection Costs. Maker promises to pay on demand all reasonable out of pocket costs of and expenses of Holder ***in connection with the collection*** of amounts due hereunder, including without limitation, attorney fees incurred in connection therewith, whether or not any lawsuit is ever filed with respect thereto.

\*\*\*

If this note or any instrument securing or collateral to it is given to an attorney for collection or enforcement, or ***if suit is brought for collection or enforcement, or if it is collected or enforced*** through probate, bankruptcy, or other judicial proceeding, then Maker shall pay Payee all costs of collection and enforcement, including reasonable attorney's fees and court costs, in addition to other amounts due. Reasonable attorney's fees shall be ten percent (10%) of all amounts due unless either party pleads otherwise.

Dkt. 19-1 at 3, 10 (emphasis added). The clear and unambiguous language of these clauses authorize attorney's fees only if a lawsuit is filed "for collection or enforcement" of the Promissory Notes. *Id.* Here, Plaintiffs did not file this lawsuit to enforce or collect on the Promissory Notes, but rather to overturn the Texas and California rulings related to the Promissory Notes and forfeiture. Thus, the provisions do not apply. *See Greathouse v. Glidden Co.*, 40 S.W.3d 560, 571 (Tex. App.—Houston [14th Dist.] 2001, no pet.) (awarding defendant attorney's fees incurred in prosecuting promissory note collection suit but denying fees for defending plaintiff's ERISA and state law claims for breach of contract and fraud).

The fact that this lawsuit arose out of the Promissory Notes does not entitle Mark to fees because he must demonstrate that he is entitled to fees based on a cause of action asserted in this lawsuit. *See MBM Fin. Corp. v. Woodlands Operating Co., L.P.*, 292 S.W.3d 660, 667 (Tex. 2009) (rejecting plaintiff's argument that he was entitled to attorney's fees in action against lessor for fraud "even if the [plaintiff's] fraud claim arose from a breach of contract"); *see also In re Cyr*, No. 18-50102-CAG, 2020 WL 3119068, at \*6 (Bankr. W.D. Tex. June 11, 2020) (finding that "even if Plaintiff attempted to bootstrap attorney's fees for breach of contract claims onto a

common law fraud claim, the results would be the same. In Texas, attorney's fees are generally not recoverable in a fraud claim, even when the fraud arose from a breach of contract").

## B.  Tex. Civ. Prac. & Rem. Code § 38.001(b)(8)

Mark also argues that he is entitled to attorney's fees under § 38.001(b)(8) of the Texas Civil Practice and Remedies Code, which allows a prevailing party to recover reasonable attorney's fees "if the claim is for . . . an oral or written contract." However, "[t]o recover attorney's fees under this statute, a party must first prevail on the underlying claim *and* recover damages." *In re Nalle Plastics Fam. Ltd. P'ship*, 406 S.W.3d 168, 173 (Tex. 2013) (citing *MBM Fin.*, 292 S.W.3d at 666). Mark meets neither requirement. He did not prevail on a breach of contract claim because Plaintiffs did not assert a breach of contract claim in their Amended Complaint. "To recover attorney's fees under section 38.001, a party must prevail on a claim for which attorney's fees are recoverable. Section 38.001 does not provide for attorney's fees in the pure defense of a claim." *Brockie v. Webb*, 244 S.W.3d 905, 910 (Tex. App.—Dallas 2008, pet. denied). Nor did he recover any damages in this case. Accordingly, he is not entitled to attorney's fees under Texas law. *MBM Fin. Corp.*, 292 S.W.3d at 666 (holding that plaintiff who recovered no damages was not entitled to attorney's fees under Chapter 38); *Green Int'l, Inc. v. Solis*, 951 S.W.2d 384, 390 (Tex. 1997) (holding that general contractor who prevailed on breach of contract claim against subcontractor was not entitled to attorney fee award where contractor was not awarded damages on that claim).

## C.  Tex. Civ. Prac. & Rem. Code § 37.009

Section 37.009 of the Texas Uniform Declaratory Judgments Act ("TDJA") provides: "In any proceeding under this chapter, the court may award costs and reasonable and necessary attorney's fees as are equitable and just." TEX. CIV. PRAC. & REM. CODE § 37.009 (West 1985). Mark argues that he is entitled to attorney's fees under this provision because "in essence Ms. Savage's claims

are for judicial determination by this Court, and therefore are a form of Declaratory relief." Dkt. 100 at 4. But "a party may not rely on the TDJA to authorize an award of attorney fees in federal court." *Callan v. Deutsche Bank Tr. Co. Americas*, 11 F. Supp. 3d 761, 771 (S.D. Tex. 2014). Federal courts cannot award attorney's fees under the TDJA because they are bound to apply federal procedural law, and the TDJA functions solely as a procedural mechanism. *Id.* (citing *Utica Lloyd's of Tex. v. Mitchell*, 138 F.3d 208, 210 (5th Cir. 1998) (quoting *Housing Authority v. Valdez*, 841 S.W.2d 860, 864 (Tex. App.—Corpus Christi 1992, writ denied)). Accordingly, Mark is not entitled to attorney's fees under the TDJA.

### D. Texas Finance Code § 392.403(c)

Finally, Mark argues that he is entitled to attorney's fees under Section 392.403(c) of the Texas Finance Code, which provides: "On a finding by a court that an action ***under this section*** was brought in bad faith or for purposes of harassment, the court shall award the defendant attorney's fees reasonably related to the work performed and costs." (emphasis added). Mark asserts that he is entitled to fees under this provision because (1) Plaintiffs alleged wrongful debt collection practices in their Amended Complaint, which "would logically include a claim under Title 5 of the Texas Finance Code"; and (2) since Plaintiffs' claims were found to be barred by the *Rooker-Feldman* doctrine, "the bringing of this action against Mark Savage alleging unfair debt collection practices can only be construed to be brought in bad faith and for purposes of harassment." Dkt. 100 at 5.

Plaintiffs' Amended Complaint does not allege a claim under the Texas Finance Code. Even if Plaintiffs did assert such a claim, a party may be awarded attorney's fees under this statute only if he successfully maintains an action for "actual damages sustained as a result of a violation" of the Act. TEX. FIN. CODE ANN. § 392.403(a)(2) (West 1997); *see also Jackson L. Off., P.C. v.*

*Chappell*, 37 S.W.3d 15, 30 (Tex. App.—Tyler 2000, pet. denied) ("In the absence of a judgment for actual damages under the DTPA, an award of attorney's fees is not proper."). Because Mark was not awarded any damages under § 392.403(a)(2), he is not entitled to attorney's fees under § 392.403(c).

## IV.   Conclusion

"Absent a contract or statute, trial courts do not have inherent authority to require a losing party to pay the prevailing party's fees." *Chapa*, 212 S.W.3d at 311 (Tex. 2006). Because Mark Savage has failed to identify a statute or contract that authorizes a fee award, the Court does not have the authority to deviate from the American Rule. Accordingly, his Motion should be denied.

## V.   Recommendation

Based on the foregoing, the undersigned Magistrate Judge **RECOMMENDS** that the District Court **DENY** Mark Savage's Motion for Attorney's Fees (Dkt. 100).

The Court **FURTHER ORDERS** that this case be removed from the Magistrate Court's docket and returned to the docket of the Honorable Robert Pitman.

## VI.   Warnings

The parties may file objections to this Report and Recommendation. A party filing objections must specifically identify those findings or recommendations to which objections are being made. The District Court need not consider frivolous, conclusive, or general objections. *See Battle v. United States Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987). A party's failure to file written objections to the proposed findings and recommendations contained in this Report within fourteen (14) days after the party is served with a copy of the Report shall bar that party from de novo review by the District Court of the proposed findings and recommendations in the Report and, except on grounds of plain error, shall bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the District Court. *See* 28 U.S.C.

§ 636(b)(1); *Thomas v. Arn*, 474 U.S. 140, 150-53 (1985); *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc).

**SIGNED** August 16, 2022.

SUSAN HIGHTOWER
UNITED STATES MAGISTRATE JUDGE